## DAVIS *v.* GRICE, SHERIFF AND TAX COLLECTOR.[*]

[106 So. 631.   No. 25263.]

(Division A.   Jan. 4, 1926.) ·

1. COUNTIES. *Meetings for transaction of business under revenue law, at which board of supervisors may continue in session as long as business requires, held to be such only as specially designated by law for transaction of such business.*

    The meetings for the transaction of business under the revenue law, at which, under section 296, Code of 1906 (Hemingway's Code, section 3668), boards of supervisors may continue in session as long as business may require, are such only as are specially designated by law for the transaction of such business.

2. COUNTIES. *Order exempting land from taxation made at adjourned meeting of board of supervisors, order for which failed to specify exemption as matter of business to be transacted thereat, held invalid.*

    A board of supervisors may, at a regular meeting, by an order on its minutes, adjourn to meet at any time it may determine upon, but only such business can be transacted at such adjourned

meeting as the order providing therefor shall specify. Section 298, Code of 1906 (Hemingway's Code, section 3671).

*Corpus Juris-Cyc. References; Counties, 15 C. J., p. 461, n. 21, New; p. 463, n. 67, 68.

APPEAL from chancery court of Lincoln county.

HON. V. J. STRICKER, Chancellor.

Suit by H. B. Davis against Barney Grice, sheriff and tax collector, for an injunction. From a decree dismissing the original bill and dissolving an injunction issued thereon complainant appeals. Affirmed.

It is agreed in the above styled and numbered cause that the facts are as follows:

In 1923 the complainant was the owner of the lands described in the bill, and that said lands so described were assessed to him by the tax assessor for that year; the same being the year for the assessment of land and a valuation in bulk of eleven thousand dollars, there being but one item of valuation.

During the year 1923, after February 1st, and by the 1st of October, the complainant erected on the lands described a hotel building, constructed of new material, and in accordance with the statutes of Mississippi (chapter 259 of the Laws of 1922) with reference to the exemption from taxation of hotel buildings.

That, after said building was erected on said land and completed, and prior to the first Monday of December, 1923, viz. in the month of October, 1923, the complainant filed with the clerk of the board of supervisors his application for exemption of said hotel under the acts of 1922 as above set forth.

The board of supervisors met in regular session on the first Monday of December, 1923; same being the 3d day of December, 1923. That on the 3d day of December, 1923, the board of supervisors disposed of various claims and matters amounting to six thousand four hundred thirty-six dollars and seven cents, and entered the following order at the conclusion of the meeting:

"Ordered that the board do now adjourn to meet at 9:30 o'clock Tuesday morning, the 4th day of December, 1923."

The board met Tuesday morning, December 4th, and disposed of various matters and claims aggregating five thousand nine hundred and seventy-two dollars and forty-six cents, and then adjourned with the following order:

"Ordered that the board do now adjourn to meet at 8:30 o'clock to-morrow morning, December 5, 1923."

That on December 5th the board met and disposed of various matters and claims amounting in the aggregate to five thousand eight hundred ten dollars and seventy-four cents, and then adjourned under the following order:

"Order that the board do now adjourn to meet at 8:30, Friday, the 7th day of December, 1923."

The board met Friday morning, December 7th, and disposed of various matters and claims aggregating two thousand one hundred forty-four dollars and sixty-two cents, and adjourned under the following order:

"Ordered that the board do now adjourn until to-morrow, Saturday, December 8, 1923, at 8:30 o'clock a. m.

The board met on Saturday, December 8, 1923, and transacted three matters of business, viz.: (1) Disposing of the gasoline tax, requiring the funds to be kept separate, and appropriating the same to highway purposes; (2) the acceptance of the resignation of a constable; (3) the appointment of road commissioners for district No. 1.

There were still pending other matters, when the board adjourned under the following order:

"Ordered that the board do now adjourn to the 13th day of December, 1923, at 8:30 a. m."

The board met on December 13th, and disposed of various matters and claims amounting to one thousand one hundred ninety-two dollars and nineteen cents, leaving other matters and claims still pending before them, when the board adjourned under the following order:

"It is ordered that the board do now adjourn until Monday, December 31, 1923, at 8:30 a. m."

On December 31, 1923, the board met at 8:30 o'clock a. m., and disposed of claims and various matters, including the petition of complainant for the exemption of the Lincoln Hotel, and then adjourned under the following order:

"Ordered that the board do now adjourn finally."

The order exempting the Lincoln Hotel from taxation will be found set out in full in the bill of complaint, and a copy of said order is attached hereto.

When the board of supervisors met the 3d day of December, 1923, there were pending numerous other matters referred to in this agreement hereto, including the following: Reduction of assessment of land of O. H. Hartman, two items; reduction of assessment of land of I. N. Anding; reduction of assessment of land of Summers & Austin; reduction of assessment of land of J. P. & M. R. Herring, two items; reduction of assessment of land of estate of C. N. Meyers; reduction of assessment of automobile of D. Phillips; and reduction of assessment of automobile of L. McDavid.

That on the 8th day of December, 1923, the following matters were still pending before the board, and, on the 13th day of December, 1923, the board disposed of two of the above matters, leaving the balance still pending, and on the 31st day of December, 1923, the board disposed of said matters as follows: The land assessment roll was reduced as to O. H. Hartman from twenty thousand dollars to eleven thousand dollars, and another item from twelve hundred dollars to nine hundred dollars; the land of I. H. Anding reduced from twenty-five hundred to two hundred; the land of Summers and Austin reduced from fourteen hundred dollars to four hundred dollars; the land of J. P. & M. R. Herring from fourteen hundred dollars to four hundred dollars, and again from one thousand six hundred forty dollars to six hundred forty dollars; the estate of C. N. Meyers from eight hundred dollars to six hundred dollars; the automobile of D. Phillips from two hundred fifty dollars to twenty-

five dollars; and the automobile of L. McDavid from five hundred dollars to one hundred fifty dollars.

At the several meetings, when the assessment rolls were before the board as above indicated, the board transacted other business and disposed of various claims and other matters as hereinbefore indicated at each of the meetings held during the month of December, 1923.

At the 31st of December, 1923, the city of Brookhaven, through its proper authorities, exempted the property of complainant, said Lincoln Hotel, from taxation with the municipality for five years, under chapter 259 of the Laws of 1922.

It is further agreed that the Lincoln Hotel property was assessed for taxes and placed on the roll as an increase of valuation to the amount of eight thousand dollars, making the total assessment of the property assessed to the complainant and described in the bill of nineteen thousand dollars instead of eleven thousand dollars because of the placing upon said property of said improvement.

It is further agreed that, in the event the court should hold that the exemption of December 31, 1923, is illegal and the injunction dissolved, then there shall be no damages for the wrongful suing out of the injunction by the complainant; in settling with the tax collector, he (complainant) would be required to settle as of the date immediately preceding the date of sale for taxes in the year 1925 for delinquent taxes of 1924.

It is further agreed that the board of supervisors of Lincoln county has held, and is holding, regular meetings beginning on the first Monday of each month since the year 1914 and prior thereto.

*H. & W. P. Cassedy,* for appellant.

Three questions arise in this case: (1) Did the board have a right to take up matters pertaining to the revenue laws at this adjourned meeting? (2) If they had a right to consider such, was it required that the notice

provided by section 3671, Hemingway's Code, be given or entered on the minutes at the *adjourned meeting* where they had before them *matters pertaining to the* revenue laws? (3) Did they have before them *matters pertaining to the revenue laws* at the time of the adjournment and to the thirty-first day of December, 1923?

We find the board is required to meet on the first Monday of August to act on the assessment roll and approve or disapprove it, but this is not the only time, for the law provides that the board has authority over matters of assessment at *any* meeting. Section 6946, Hemingway's Code. If they had a right to take these matters up, was it necessary for the notice to be spread on the minutes as required by section 3671, Hemingway's Code, in order for them to continue in session longer than six days? See section 3669, Hemingway's Code, under the head of *Regular Meetings.* At an *adjourned session* it is provided that they must put on the minutes the matters they have left over and can take up at said meeting only such matters. Where new matters come up after the regular meeting had adjourned, a special meeting may be called. Section 3671, Hemingway's Code.

The rule in construing statutes should be to ascertain the intent of the lawmaking powers; and where there are two acts or sections on the same subject matter, it should be so construed as to keep both sections in force and effect given to all the provisions of each, if that can be done by any fair and reasonable construction. The rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes that are contemporaneous, for in each case we have the same minds acting upon the one subject, and it is not to be presumed that the same body of men would pass conflicting and incongruous acts. See 25 R. C. L., Statutes, sec. 285-86. See, also, *Swan* v. *Buck,* 40 Miss. 308.

*Naul & Yawn,* for appellee.

This cause was submitted on the sole issue: *Whether or not the order of the board of supervisors passed on the thirty-first day of December, 1923, exempting this hotel from taxation is valid?*

Appellant filed his bill in the lower court and temporarily enjoined the collection of the taxes against said hotel. Upon the final hearing the chancellor dissolved the injunction and dismissed the bill, holding that said hotel was not exempt from taxation because the order passed by the board of supervisors of Lincoln county on December 31, 1923, was invalid having been passed at an adjourned meeting of the board where the order of adjournment failed to comply with the law in failing to state what matters of business would be transacted upon the date of said adjourned meeting. From this decree of the court an appeal was taken by the appellant.

Our statutes classify the meetings of the board of supervisors into *regular, special* and *adjourned* meetings. See sections 3668 and 3671, Hemingway's Code. Meetings are *regular* in the sense that they occur with uniformity and at stated periods of time for the transaction of public business within its jurisdiction. The board of supervisors of Lincoln county, held regular meetings on the first Monday of each month. See last clause in agreed statement of facts as contained in the record. A *special* meeting implies a meeting at such time and of such duration as might be found necessary for the accomplishment of the objects in view; while an *adjourned.* meeting operates as a continuation of the former meeting at which the order of adjournment is made.

In the case at bar, it was sought to exempt the appellant's hotel property from taxation at an *adjourned* meeting of the board. Not a single item of business was so particularized or referred to in said adjourned orders; hence, under the law, said board could not pass

upon any matters of business at said meetings and had no authority upon December 31, 1923, to pass upon the application or petition of appellant for exemption from taxation of the Lincoln Hotel, because the adjourning order from December 13, 1923, to December 31, 1923, reads as follows, "It is ordered that the board do now adjourn until Monday, December 31, 1923, at 8:30 A. M.," and failed to specify what matter or matters of business would be transacted at such adjourned meeting. See section 3671, Code of 1917.

See *Jefferson County* v. *Grafton*, 74 Miss. 435, 21 So. 247, 36 L. R. A. 798, 60 Am. St. Rep. 516, for a discussion of the exercise of powers by the board of supervisors per WHITFIELD, J.; *Adams, State Revenue Agent*, v. *First Nat'l Bank of Greenwood*, 60 So. 771. The following authorities may give additional light upon the subject discussed above: *Adams* v. *First Nat'l Bank*, 60 So. 770; *Morris* v. *Riley*, 99 So. 468; See, also, 98 So. 539; 131 U. S. 174; 70 Miss. 485; 69 Miss. 86; 75 Miss. 275; 99 Tenn. 684; 116 U. S. 665; 119 Miss. 113; 72 N. H. 335; 42 La. A 1098; 2 Ariz. 428. Wherefore, it appears that the board was without jurisdiction of the subject-matter at the adjourned meeting. The case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree dismissing an original bill and dissolving an injunction issued thereon restraining a sheriff from collecting state and county taxes on certain land owned by the appellant. The case was tried on an agreed statement of facts, which the reporter will set out in full.

The bill alleges, and the answer admits, that the board of supervisors at the adjourned meeting held by it on December 31, 1923, made an order under chapter 259, Laws of 1922, granting the appellant an exemption from taxation on the land here in question for a period of

five years. The appellee contends, and the court below held, that the order granting this exemption is void, for the reason that it was made at an adjourned meeting of the board of supervisors, and the order of the board previously made providing therefor failed to "specify each matter of business to be transacted thereat."

Section 296, Code of 1906 (Hemingway's Code, section 3668), provides that—"The board of supervisors . . . at the meetings for the transaction of business under the revenue law, . . . may continue in session as long as business may require, but at other regular meetings they may sit for a period of not longer than six days; provided, that in counties having a population of more than forty thousand, the board may continue in session at any other regular meetings than the revenue meeting not longer than ten days," etc.

Section 298, Code of 1906 (Hemingway's Code, section 3671), provides that—"The board may, at a regular meeting, by an order on its minutes, adjourn to meet at any time it may determine upon. . . . The order providing for an adjourned meeting . . . shall specify each matter of business to be transacted thereat; and at such adjourned . . . meetings business shall not be transacted which is not specified in the order . . . for such meeting."

There can be no merit in the appellant's contention that, as the order granting this exemption affects the public revenue and the claim therefor was on file when the board of supervisors met in December, the validity of the order must be determined under the provision of the statute which permits boards of supervisors to continue in session at meetings for the transaction of business under the revenue law as long as business may require. The meetings for the transaction of business under the revenue law are such only as are specially designated by law therefor, and the December meeting is not so designated by any statute that has come under our observation.

The appellant does not contend that the population of Lincoln county exceeds, and the facts is that its population is less than, forty thousand. Consequently, when the board of supervisors met at its December meeting, it was authorized by the statute to continue in session for six days only, and therefore the validity of the order granting this exemption must be tested by the provisions of the statute for adjourned meetings. When so tested, its invalidity is manifest, for the order which provided for the meeting at which the exemption was granted failed to specify such exemption as a matter of business to be transacted thereat. Since the board which granted this exemption was in session eight days, two beyond the time allotted therefor, it is unnecessary for us to decide whether or not a regular meeting of a board of supervisors must be continuous for the allotted time; that is, whether the adjournment on each day must be to the next or may be to any later, day, provided only the total number of days consumed is not in excess of the maximum number allowed for a regular meeting.

*Affirmed.*