UNIVERSAL MOTOR CO. *v.* NEWTON COUNTY.

(Division B. Dec. 1, 1930. Suggestion of Error Overruled, January 12, 1931.)

[130 So. 791. No. 29024.]

[131 So. 827.

For former opinion, see 130 So. 791.

J. C. Floyd and J. H. Currie, both of Meridian, for appellant.

J. C. Floyd, of Meridian, for appellant.

M. P. Foy, of Decatur, for appellee.

Argued orally by **J. C. Floyd,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellant delivered to appellee county certain road machinery to the value as alleged of six hundred dollars, and received therefor what would appear to be the promissory note of the county, dated April 8, 1926, and payable one year after date. Payment was refused by the county, and appellant instituted suit. Judgment was rendered by the circuit court in favor of the county, from which judgment comes this appeal.

In addition to several other defenses, the county relies upon the point that the alleged note was made for the purchase in question without competitive bids; and according to the record before us, this contention is correct in matter of fact. Against this, appellant says, first, that the transaction was an exchange of specific property, the county agreeing to pay the difference in cash. The offer by appellant was to "furnish one Trackson Full Crawler and assembly on Wehr grader now in use in exchange for the rubber tired wheels on same machine and the sum of six hundred dollars," and this offer was accepted by an entry on the minutes. So far as anything appears to the contrary in the record, this very thing could have been done on competitive bids. Moreover, no authority is cited by appellant that the exchange of property is not within the purpose and policy of our statutes, and while not deciding that question now, since it is not necessary under the facts of this case, we would say that in the obvious view, that to hold that exchanges are not within our competitive bidding statutes would allow exchanges of all

worn or used implements, equipment, and machinery for new at enormous differences in public expenditures and would open the door to the grossest abuses, no such holding will be made, as we feel reasonably sure, until authority and highly persuasive authority is presented strongly upholding the contention.

As its second reliance, appellant contends that the transaction has been validated by chapter 145, Laws 1928, that chapter being the general curative or validation act passed at the 1928 legislative session. During the present generation, when for the first time the moral as well as the legal responsibility for legislation has passed in this state from the hands of minorities and into the control of the great body of the people, there has been manifested a sensitiveness towards any sort of suggestion that it should ever again be possible that any considerable public pecuniary obligation shall be disowned by legislative action, or the want thereof, on purely technical grounds. Consequently it has become the practice at almost every legislative session to enact curative statutes in broad terms to validate all proceedings had by any of the subdivisions of the state upon which in good faith money for public purposes has been loaned to our people, and no questions have been asked whether the money was wisely or unwisely spent.

But it is not within the purpose of this sort of legislation, nor within the moral principle which is thereby expressed, that all irregularities in the everyday administration of the business affairs of these subdivisions of the state shall be thus periodically cured, for the very manifest reason that such a course would in a short time lead to the most unfortunate consequences in its inducements to the conscious and deliberate disregard of those essential requirements of the administrative law without which the general public business cannot be safely conducted.

When, therefore, a curative statute is invoked as a curative of such a vital administrative defect in the every-

day transaction of the public business as is here presented, namely, the making of a county contract for machinery or supplies without competitive bids, there is presented a contention in respect to a purpose which it is difficult to suppose was ever intended by any legislature, and there is thus placed upon us the duty to cautiously scrutinize any act which is asserted to contain any such provision to see that the asserted effect is actually within the act.

With the foregoing considerations before us, we have so scrutinized the act relied on by appellant, and as the result we are of the opinion that there is no validation within it of the transaction here in issue, nor of similar transactions. The language of the act as its central feature is as follows: "That all proceedings heretofore had and taken . . . to provide for the issuance of any and all bonds, notes, certificates, loan warrants or other obligations . . . are hereby ratified, validated, and confirmed, and all bonds, notes, certificates, loan warrants, or other obligations issued, or to be issued, pursuant to such proceedings, which have heretofore been sold or contracted to be sold at not less than par and accrued interest, shall be and the same are hereby ratified, validated and confirmed." The act had reference to what is commonly termed "money raising" proceedings, and to none other, as we think is fairly clear when the entirety of its language is reasonably construed.

Affirmed.

## On Suggestion of Error.

**Ethridge, P. J.**, delivered the opinion of the court on suggestion of error.

It is said in the suggestion of error that the pleadings did not sufficiently raise the incapacity of the board of supervisors to make the contract, or the noncompliance in the advertisement of the bidding; and that, if the

county intended to rely upon the invalidity of the proceeding resulting in the contract as defense, it was necessary for it to so plead, citing a number of authorities from other states so holding, and some authorities from this state relied upon to support this position.

The county pleaded the plea of general issue and also a special plea in which plea it was alleged that there was given by the county, in exchange for the grader so purchased, certain tires and wheels attached to an old machine, and that the sellers agreed to guarantee and keep the grader in good running condition for the period of one year and also to furnish and repair new parts within this said period; that the seller failed and refused to keep same in repair and good condition, and that by reason thereof the defendant was unable to use the said machine for the purposes for which it was bought, and that the defendant repeatedly requested the said repairs to be made and notified the defendant of the condition of the machine sold and in need of repairs.

The members of the board of supervisors are trustees for the public and must act for the public, and are bound by the limitation fixed by law upon their powers, and the condition under which contracts may be made. These being fixed by law, all persons are charged with notice of them. In the present case the general issue bound the plaintiff to prove the case alleged in his declaration, and the proof so produced shows a failure to comply with the law, and having to sustain his action by this proof, showing the want of authorities of the board, he must fail in the suit. The court will see that those occupying a fiduciary relation do not defeat the law by failure to set forth a formal pleading. It is the duty of the board of supervisors to conform to the regulation made by law, and the parties contracting with them must see that the board has a right to make the contract. It follows that the suggestion of error must be overruled.

Overruled.