## CITY OF GRENADA v. GRENADA COUNTY.

(Division B. Oct. 30, 1933.)

[150 So. 657. No. 30880.]

Cowles Horton, of Grenada, for appellant.

**S. C. Mims, Jr.,** of Grenada, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant city presented to the board of supervisors of appellee county a claim against the county for a large sum demanded by the city on account of the ad valorem road taxes collected within the city by the county. This was on the 6th day of February, 1933, at the regular February, 1933, meeting of the board of supervisors. The claim being contested and it appearing that considerable time would be consumed in the examination of the issues presented, it was agreed between the city, the members of the board of supervisors, and all those concerned that the board would set the matter specially for a hearing in vacation, as it is termed in the briefs, and that the full and final hearing would be had on February 13, 1933. In accordance with that agreement and in the attempt to carry it out, the board, upon adjourning its regular session on February 6, 1933, entered the following order: "Ordered that the board do now recess until Monday morning February 13, 1933, at nine o'clock A. M."

On the date last mentioned, the members of the board convened and proceeded to the hearing, at the conclusion of which the board made an order disallowing a large part of the city's demand, and by a bill of exceptions the city appealed to the circuit court. The appeal was dismissed by the circuit court for want of jurisdiction and on the ground now to be stated.

Section 203, Code 1930, provides as to adjourned meetings of the board of supervisors that "the order providing for an adjourned meeting . . . shall specify each matter of business to be transacted thereat; and

at such adjourned . . . meeting business shall not be transacted which is not specified in the order . . . for such meeting.'' The adjournment was beyond the six days allowed by law for a regular February term of the board of supervisors in Grenada county, and, as hel1 in Davis v. Grice, 141 Miss. 412, 421, 106 So. 631, the assumption to transact further business on the day to which adjournment was attempted to be taken was without validity, because the adjourning order failed to specify what business was to be transacted at the said adjourned meeting. Appellant is mistaken in its argument that Davis v. Grice, supra, did not decide the question, as a careful examination of that opinion will disclose.

The further contention of appellant is that even if it be conceded that the attempted meeting on February 13th was not valid for the reason above stated, it was nevertheless effective in this case because it was held by agreement of all concerned and all then and there appeared and joined issue, without any objection by any person or official, and without the question as to the validity of the meeting having been raised from any quarter; that this was therefore tantamount to consent by all parties to a hearing in vacation. This contention is completely answered by the decision in Mississippi State Highway Dept. v. Haines, 162 Miss. 216, 227, 139 So. 168. The board of supervisors in attempting to convene and transact business on this unauthorized day was no more than an assemblage of private persons without official jurisdiction either as to parties or as to subject-matter. So far as this record is concerned the controversy is still a pending matter before the board of supervisors, no final disposition having been made of it by the board; and hence nothing has been done upon which an appeal could be taken.

Affirmed.