SIMPSON COUNTY *v.* FLOYD.

(In Banc. March 9, 1942.)

[6 So. (2d) 580. No. 34862.]

R. C. Russell, of Magee, for appellant.

Edwards & Edwards, of Mendenhall, for appellee.

**Anderson, J.**, delivered the opinion of the court.

There is involved in this case the title to 50.25 acres of land between Simpson County, appellant, and Mrs. M. O. Floyd, appellee. Mrs. Floyd brought ejectment against the county for possession of the land. The case was tried on the pleadings and proofs before the circuit judge, the parties having waived a jury trial. There is no dispute as to the material facts. The county made a loan to one James and his wife from its sixteenth section school funds and to secure the loan took a deed of trust on the land involved. James and his wife made default in the payment of the indebtedness, whereupon, through W. M. Lofton, substituted trustee, a foreclosure in pais was had at which the county purchased the land and received a deed thereto from the substituted trustee. By this sale the county got no title because the substitution of the trustee was not made a matter of record as required by Section 2168, Code of 1930, which reads as follows: "Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein, but shall be absolutely null and void, both at law and in equity, unless the substitution shall ap-

pear of record in the office of the chancery clerk of the county where the land is situated, and unless it shall so appear by being actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published; the filing for record or lodging with the clerk not being sufficient. Such substitution, however, may so appear by a separate instrument recorded as above set out in all respects, or a copy of such substitution may be recorded as above set out.''

The county undertook to convey the land to Mrs. Floyd at a called meeting of the board of supervisors held on December 30, 1939. At its regular December, 1939, meeting the board entered an order on its minutes providing for the call of a special meeting to be held on the 30th of that month. In the order there was no provision made, either expressly or impliedly, that at such meeting the matter of the sale and conveyance of this land would be taken up and considered. Nevertheless it was done, and Mrs. Floyd having offered $300 therefor, the order provided that the president of the board of supervisors convey the land to her upon receipt of a cash payment and retention of lien to secure the balance. That was accordingly done. That action of the board was void because it violated Section 203 of the Code of 1930, which provides among other things that the order for the adjourned meeting and the notice of a special meeting ''shall specify each matter of business to be transacted thereat; and at such adjourned or special meetings business shall not be transacted which is not specified in the order or notice for such meeting.'' Our court so held in Davis v. Grice, 141 Miss. 412, 106 So. 631; City of Grenada v. Grenada County, 167 Miss. 814, 150 So. 657.

The board of supervisors soon discovered that the county had obtained no title as a result of the foreclosure of the James deed of trust for the reason stated above. Thereupon in the early part of the year 1940 it substituted another trustee, placing the substitution on record as provided in Section 2168. There followed through the

instrumentality of this substituted trustee another foreclosure at which the highest bidder was the county at $490, $190 more than Mrs. Floyd had agreed to pay for it. Thereupon the board offered to again convey the land to her upon her payment of an additional amount of $190. This she declined. As an alternative the board offered to return to her the purchase money she had theretofore paid. This she declined, and brought this suit.

Mrs. Floyd's contention is that when the county did get a valid title to the land by virtue of the last foreclosure, such title inured to her benefit notwithstanding the prior conveyance to her by the board was void for the reason stated. In other words, her position is this, that notwithstanding she got no title by the conveyance to her because the county had none to convey, and for the further reason the conveyance to her at the called meeting of the board was void, nevertheless when the county did get a valid title everything else that was done became valid.

In considering this question it must be borne in mind this litigation is not between individuals but between the public on the one hand and an individual on the other. Under the law Mrs. Floyd was affected with notice of the illegality of the first foreclosure and the conveyance following it made her. The members of the boards of supervisors are trustees for the public and bound by the limitations fixed by law on their powers. Persons dealing with them must take notice of their powers and cannot acquire rights when they are acting beyond their authority. DeSoto County v. Stranahan, Harris & Oatis, 159 Miss. 23, 131 So. 640; Universal Motor Company v. Newton County, 158 Miss. 873, 130 So. 791, 131 So. 827; Green v. Board of Supervisors of Adams County, 172, Miss. 573, 161 So. 139. Mrs. Floyd neither acquired a valid conveyance from the county nor a valid contract by the county to make such a conveyance. Therefore, she got nothing that could be added to by what subsequently transpired.

Reversed and remanded.