BYRD v. BYRD.

(In Banc.   June 8, 1942.)

[8 So. (2d) 510.   No. 34922.]

For former opinion, see 7 So. (2d) 551.

Heidelberg & Roberts, of Hattiesburg, and J. W. Backstrom, of Leakesville, for appellee on suggestion of error.

**O. F. Moss**, of Lucedale, for appellant on suggestion of error.

ON SUGGESTION OF ERROR.

**Alexander, J.**, delivered the opinion of the court on suggestion of error.

The basis upon which a former reversal of the case rested was the alleged invalidity of the tax sale to the state and its patent to appellee. In adjudging this question sufficient emphasis was lacking upon the fact that the assessment upon which the tax sale was founded was approved by the board of supervisors at its July, 1930,

meeting, which was a meeting "for the transaction of business under the revenue law" at which the board "may continue in session as long as business may require." Code 1930, Sections 202, 3162. Since the July meeting was finally adjourned on a day prior to the expiration of its allowable limits, the authorities cited in our former opinion (Sharp v. Smith, 180 Miss. 887, 178 So. 595; Davis v. Grice, 141 Miss. 412, 106 So. 631; Hunter v. Bennett, 149 Miss. 368, 115 So. 204; City of Grenada v. Grenada County, 167 Miss. 814, 150 So. 657; and Price v. Harley, 142 Miss. 584, 107 So. 673) are not applicable.

We are led therefore to reexamine the effect of a recess by the board from one day to a later day, both of which are within the statutory limits of the time authorized for a regular meeting. This question was raised but left undetermined as unnecessary to the decision in Davis v. Grice, supra. We are now confronted directly with the question whether the order of the board on Friday, July 11, 1930, to reconvene the following Monday constituted the latter session an "adjourned meeting" under Code 1930, Section 203, at which no business could be disposed of unless the order therefor "shall specify each matter of business to be transacted thereat." While it is true that the board at its session on Wednesday, July 9th, ordered that on such date the board should "in regular session, proceed to examine, pass upon and equalize each and all assessments of property both real and personal, listed and contained in the said assessment rolls, and that it continue so to do until it complete the equalization of all property so contained in said rolls of the county," it is conceded that the recessing order of Friday, July 11th, did not specify each matter of business to be transacted the following Monday, and that on Wednesday, July 16th, it entered its order finally approving the assessment rolls as equalized.

In determining whether the meeting on Monday, July 14th, was an "adjourned meeting" within the purview of the statute or a mere recess during and as a continu-

ation of a regular meeting, it is appropriate to consider the evident purpose of the Legislature in requiring that at an adjourned meeting the board may consider only such matters as have been designated in the order providing for such meeting. It is important that all persons interested in the business to be transacted by the board be advised by proper notice so that they may know when they may present claims, petitions or other matters, and also keep advised of its proceedings so as to remain alert to any discussions or proposed action which may affect their interests. The statute furnishes such notice as to all regular meetings, at which there may be transacted all business over which the board is given jurisdiction. Moreover, at its July meeting it must equalize its tax rolls. When the board has finally adjourned its regular meeting, not only may the nature of its transacted business be revealed by its minutes but all interested parties are thereafter free to suspend their attention to and scrutiny over its proceedings until the next regular meeting. So long as the board remains in regular session and its minutes show no final discontinuance thereof, all persons are charged with notice that it is free to transact all matters proper at such meeting, and it should be presumed that they would consider such business as the law required them to consider, especially when, as here, it had on a previous day expressed by an order its intention to take up the matter of equalization and continue until it was completed.

If a final adjournment is to be construed as an assurance to the public that no other matters would be considered and done until the next regular meeting, and since public necessity or emergency might require a consideration of other business too urgent to await the next regular meeting, special and adjourned meetings are provided for. As to these the public would not be charged with notice. Hence it is required that at such meetings, as distinct from a regular meeting, only such business may be transacted at an adjourned meeting as

shall theretofore have been specified by an order entered at a regular meeting, and in a newspaper as to special meetings. Code 1930, Section 203.

It should be clear that since the only notice required of the board and available to the public as to an adjourned meeting is that spread upon the minutes of the board at its regular meeting, such minutes must likewise be deemed an adequate source of information as to what business is being proposed or transacted at the regular meeting, and also whether the board has finally concluded its labors for the term. Moreover, it would not be practicable for the board to so presage the complexity of matters subject to its attention as to specify them in detail in every order recessing during a regular meeting at which its powers include supervision over all matters within its jurisdiction. Statutes should not be construed to require performance of duties rendered impossible of performance. Boyd v. Coleman, 146 Miss. 449, 111 So. 600.

The word "adjourn" has two well-recognized meanings. The first is to suspend or recess during a meeting which continues in session; the second is to conclude or terminate a term or meeting. In the latter sense the adjournment is usually sine die. While ambiguity is often present it should always be readily dispelled by a reference to the minutes of the body. The distinction finds apt illustration in the minutes of the board here involved. On Friday, the minutes recited "ordered by the board that for good and sufficient reasons the board do now adjourn until Monday morning July 14, 1930, at 8 o'clock a. m." This was plainly a mere recess. The board remained in session. The term was not ended. The public could justifiably gain no other impression than that the board would reconvene on Monday and resume its business. To the inquiry of one interested taxpayer whether the board was still in session, and of another whether the board had adjourned, the same answer could not be given. The minutes of Wednesday recite that the

"board met pursuant to adjournment on Tuesday" and concluded as follows "ordered by the board that the board do now adjourn until the first Monday of August, 1930, at 8 o'clock." The former unquestionably implied a recess, while the latter was both by popular understanding and by statutory requirement a final adjournment.

Since words not of technical import are to be construed in their ordinarily accepted meaning (State v. J. J. Newman Lbr. Co., 103 Miss. 263, 60 So. 215, 45 L. R. A. (N. S.), 858; Town of Union v. Ziller, 151 Miss. 467, 118 So. 293, 60 A. L. R. 1155; Warburton-Beacham Supply Co. v. City of Jackson, 151 Miss. 503, 118 So. 606; Chattanooga Sewer Pipe Works v. Dumler, 153 Miss. 276, 120 So. 450, 62 A. L. R. 999; Texas Company v. Wheeles, 185 Miss. 799, 187 So. 880), and since an unwise purpose should not be imputed to the Legislature (Zeigler v. Zeigler, 174 Miss. 302, 164 So. 768), we are led to the only conclusion which is consistent with these principles.

A regular meeting of the board remains in session until it is terminated by an order of final adjournment or by operation of law. During such session an incidental or temporary suspension of business is not an adjournment in the sense contemplated by Section 203 but a recess only. An "adjourned meeting" is one ordered by the board at a regular meeting, and which is to convene after the termination of such regular meeting and prior to the next regular meeting. This view is supported by the following cases: Ex parte Mirande, 73 Cal. 365, 14 P. 888; Brinson v. Southeastern Stages, 192 Ga. 36, 14 S. E. (2d) 463; Intermela v. Perkins, 9 Cir., 205 F. 603; Gilbert v. Canyon County, 14 Idaho 429, 437, 94 P. 1027, 1031. The language used by the court in the last case is appropriate here, "Had the board used in the order the word 'recess,' instead of the word 'adjourned,' there would be no contention in this case but what the meeting would have been a continuation of the regular session." Cf. Hoyt v. Brown, 153 Iowa 324, 133 N. W. 905.

We are of the opinion therefore that the meeting of the board was a meeting for the transaction of business under the revenue law and was therefore not limited to six days and that the resumption of business pursuant to a prior order of recess did not constitute same an ''adjourned meeting.'' The result of this view is that the assessment and subsequent delinquent tax sale are valid and that the title to the property involved herein is valid in appellee. The jury having found for appellee T. B. Byrd, the case ought to be and is affirmed. The original opinions are withdrawn and the suggestion of error is sustained and the judgment is affirmed.