## CITY OF PICAYUNE v. MISSISSIPPI POWER CO.

No. 13705.

United States Court of Appeals
Fifth Circuit.

June 18, 1952.

R. W. Thompson, Jr., Gulfport, Miss., Grayson B. Keaton, Picayune, Miss., for appellant.

R. E. Wilbourn, Meridian, Miss., James S. Eaton, Gulfport, Miss:, for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

STRUM, Circuit Judge.

The City of Picayune, Mississippi, here undertakes to annul a franchise granted by it to the defendant Power Company by ordinance enacted May 13, 1947, thus presenting the interesting phenomenon of a city assailing the validity of its own ordinance. Summary judgment was rendered below for the Power Company, from which the plaintiff City appeals.

On June 1, 1928, the City granted the Power Company a franchise to operate an electric power and distribution system in said City for a term of 25 years, ending June 1, 1953. Under this franchise the

City received no compensation from the Power Company. On May 13, 1947, when the original franchise still had about six years to run, the Board of Aldermen then in office enacted an ordinance terminating the old franchise and granting, "in lieu thereof," a new 25-year franchise for the same purpose, beginning May 13, 1947, under which the City receives substantial compensation from the Power Company.

The terms of office of the Aldermen who granted the new franchise expired on the first Tuesday in January, 1949, about 1½ years after the new franchise was granted, when a new Board took office to hold until January, 1953. This Board will be followed by still another Board taking office in January, 1953, which Board will be in office in June, 1953, when the old franchise was due to expire under its original terms.

The new Board of Aldermen which took office in January, 1949, successors to the Board which granted the franchise, here asserts that the franchise granted May 13, 1947, is invalid, because (a) in the enactment of the franchise ordinance the Board of Aldermen failed to comply with sec. 3805 of the Mississippi Code of 1942, which requires that any ordinance granting a franchise remain on file with the City Clerk for public inspection for at least two weeks before final adoption, and requiring that such ordinance be approved by popular vote before it becomes effective; (b) because the ordinance was not adopted unanimously, as required by sec. 3806, nor was the provision of the ordinance that it should become effective immediately, justified as a protection of the public peace, health or safety of the City, as contemplated by that statute; (c) because grant of the new franchise operated as an unlawful renewal of the original franchise before the latter expired; (d) because the Board whose term expired in January, 1949, which Board granted the new franchise, unlawfully preempted the functions of its successors who will be in office in June, 1953, when the original franchise would have expired according to its terms; and (e) because the ordinance was enacted at an adjourned meeting of

the Board, the business of which was limited to considering street improvements. These contentions, overruled below, are the basis of the appeal here.

■ The City operates under the aldermanic form of government, as distinguished from the commission form. Its power to grant a franchise to use the public streets is created by secs. 3805 and 3806 of the Mississippi Code, 1942, which authorizes cities operating under the aldermanic form to grant non-exclusive franchises to use the streets for a period of 25 years. These sections contain no requirement that the ordinance be unanimously passed; that it remain on file for public inspection prior to passage; or that it be ratified by popular vote. Though the situation was later altered by chap. 491, Laws of Mississippi, 1950, effective July 1, 1950, when the ordinance here in question was passed May 13, 1947, secs. 3805 and 3806, which did contain the requirements just referred to, applied only to cities having a commission form of government. This ordinance, passed May 13, 1947, by a city under the aldermanic form, was therefore unaffected by the requirements of secs. 3805 and 3806, supra. In Independent Paving Co. v. City of Bay St. Louis, 5 Cir., 74 F.2d 961, relied on by appellant, the city was under a commission form of government, so that secs. 3805 and 3806 applied.

■ The City's contention that by enacting the ordinance of May 13, 1947, the then incumbent Board of Aldermen over-reached their successors, is without merit. It is implicit in every franchise extending over a period of years that it shall operate through the term of office of successive governing bodies for the life of the franchise. There are many respects in which the governing Board of a city may not bind its successors, particularly in contractual and proprietary matters, and in the appointment of subordinates. Compare Ott v. State, 78 Miss. 487, 29 So. 520; Tullos v. Town of Magee, 181 Miss. 288, 179 So. 557; Edwards Hotel Co. v. City of Jackson, 96 Miss. 547, 51 So. 802. In granting this franchise, however, the Board acted in its governmental capacity, and within

446

the powers conferred upon it by secs. 3805 and 3806 of the Mississippi Code 1942, which were the sections then applicable. The ordinance is therefore not vulnerable to the objection that it is *ultra vires,* that it was irregularly enacted, nor that it is invalid as a ursurpation of the prerogatives of successor Boards. Moreover, the franchise in question is non-exclusive, leaving future Boards free to grant other franchises for the same purpose. Compare State v. Hamilton, 116 Miss. 697, 77 So. 650. Contrary to the situation in Humble Oil & R. Co. v. State, 206 Miss. 847, 41 So.2d 26, involving the extension of a lease, the new franchise here involved took effect during the term of office of the Board which granted it and was confined to the period authorized by statute. In American Oil Co. v. Marion Co., 187 Miss. 148, 192 So. 296, the Board's action was condemned because it undertook to *lease* the land in question, when the only power conferred upon it was to sell. To lease, the Mississippi Court held, would unlawfully interfere with the authority of subsequent Boards to sell.

■ A regular meeting of the Mayor and Board of Aldermen of the City convened on Tuesday, May 6, 1947, that being the first Tuesday of the month, as authorized by sec. 3632 of the Mississippi Code 1942. The minutes of that meeting contain the following:

"No further immediate business appearing at this time but it appearing that it will be necessary to assemble before the next regular meeting in order to make plans for street improvements, a motion was made and carried that the Mayor and Board of Aldermen do now rise in recess until Tuesday, May 13th, 1947, at the hour of 7:30 o'clock P.M."

Pursuant to this recess, the Board reassembled on May 13, 1947, at which time it passed the ordinance in question. This was not a special meeting of the Board called pursuant to sec. 3633 for a designated and limited purpose. It was a continuation of the regular meeting convened on May 6th, and recessed to May 13, 1947. The necessity for reassembling on May 13th

was *recited* by the Clerk to be the consideration of street improvements. But the motion itself, which controls here, was that "the Mayor and Board of Aldermen do now rise in recess until Tuesday, May 13, 1947," without in any way limiting the activities in which the Board could engage when they reassembled. A regular meeting of this Board continues until terminated by an order of final adjournment, or by operation of law. Byrd v. Byrd, 193 Miss. 249, 8 So.2d 510; Ex parte Mirande, 73 Calif. 365, 14 P. 888; Culpepper v. Phenix City, 216 Ala. 318, 113 So. 56; 62 C.J.S., Municipal Corporations, § 394, p. 752. The regular meeting convened May 6, 1947, was not then terminated by final adjournment, nor by operation of law, but was resumed for the general and unrestricted transaction of business on May 13, 1947, pursuant to said motion. Davis v. Grice, 141 Miss. 412, 106 So. 631, and other cases cited by the City on the subject of adjourned meetings, concern the activities of Boards of Supervisors under the revenue laws, which are regulated by sec. 2878, Mississippi Code 1942. This section specifically confines those Boards, at adjourned meetings, to the matters specified in the order of adjournment.

Section 13 of the ordinance in question recites:

"The public interest demanding and requiring, in the judgment of the Mayor and Board of Aldermen of the City of Picayune, that said ordinance take effect at once, it is further ordered that this ordinance take effect and be enforced from and after its passage and approval according to law."

■ The City contends that this does not meet the requirements of sec. 3806, supra. But as we have seen, that section applied only to cities having a commission form of government when this ordinance was enacted. Section 3653 of the Mississippi Code, then applicable to this ordinance, provides: "* * * and ordinances shall not be enforced, unless for cause the contrary be ordered, for one month after their passage." The Board

ordered that this ordinance become effective immediately, because the public interest so required. Though it is now otherwise under chap. 491, Laws of Mississippi 1950, when this ordinance was enacted on May 13, 1947, the then applicable statute, sec. 3653, did not require an ordinance to recite the reasons for the Board's order that it become effective immediately. We hold that the ordinance became effective May 13, 1947. Even without the "immediately effective" clause, however, the ordinance would have become effective thirty days after its enactment, which was well within the term of office of the Board which enacted it.

Nor is the ordinance invalid because, with the consent of the franchise holder, the City terminated the former franchise prior to its original expiration date. So long as the Power Company agreed, this was a discretionary matter with the City's governing body.

We have considered the remaining cases submitted by the City, but find them harmonious with what is here said.

Affirmed.