ON MOTION TO STRIKE TRANSCRIPT
GILLESPIE, Presiding Justice:
This case involves the question of whether notice of appeal to the official court reporter of the State Oil & Gas Board was given within the time required by statute. Section 6132-24(a), Mississippi Code 1942 Annotated (Supp.1968) provides that:
* * * In perfecting any appeal provided by this act, the provisions of law respecting notice to the reporter and the allowance of bills of exception, now or hereafter in force respecting appeals from the circuit court to supreme court shall be applicable, provided, however, that the reporter shall transcribe his notes and file the transcript of the record with the board within thirty (30) days after approval of the appeal bond.
Section 1640, Mississippi Code 1942 Annotated (Supp.1968), requires when appeal is being taken from circuit court to the Supreme Court that notice be given within ten (10) days after the adjournment of court.
The State Oil & Gas Board entered, on July 17, 1969, the order from which appeal is sought. Later that same day the Oil & Gas Board entered the following order :
At the conclusion of the above presentation, Dean Price Meador moved that the bills and expense accounts be approved and that the Supervisor be instructed to pay the same, which motion was seconded by Byrd P. Mauldin and unanimously carried.
There being no further business to come before the meeting, upon motion duly made, seconded and unanimously carried, it was ordered that the Board adjourn to reconvene in special session at 9:00 o’clock a. m. on Thursday, August 7, *807 1969, in the Second Floor auditorium of the Woolfolk State Office Building, Jackson, Mississippi, and again at 9:00 o’clock a. m. on the 20th day of August, 1969, in executive session in the offices of the Board on the 12th floor of the Woolfolk State Office Building, Jackson, Mississippi, and in regular session at 9:30 o’clock a. m. on said date in the Second Floor Auditorium of the Woolfolk State Office Building, Jackson, Mississippi, and the Board did so adjourn.
The appeal was given to the court reporter of the circuit court on August 14, 1969, which was within the statutory ten day notice requirement unless the July 17, 1969, order was a final adjournment order of the July meeting. Upon appeal to the circuit court, the appellees filed a motion to strike the transcript. This motion was overruled. When the order of the State Oil & Gas Board was affirmed, Masonite Corporation perfected appeal to this Court, where the appellees filed motion to strike the transcript of the proceedings before the State Oil & Gas Board.
Section 6132 — 02(b), Mississippi Code 1942 Annotated (1952), the statute creating the State Oil & Gas Board, provides as follows :
The board shall meet and hold hearings at such times and places as may be found by the board, or a majority thereof, to be necessary to carry out its duties.
Section 6132-10, Mississippi Code 1942 Annotated (1952), empowers the State Oil & Gas Board to enact reasonable rules and regulations for the proper enforcement of the act.
Rule 8 of the Rules of Order and Procedure for hearings before the Board reads as follows:
After notice of a hearing is once given, the hearing may be continued to another day and from day to day by order of the Board entered on the day fixed for the hearing.
Rule 15 provides that regular monthly meetings of the Board shall be held on the third Wednesday of each month.
The principal issue is whether the order of the Board entered on July 17, 1969, was a final adjournment order of the July 1969 meeting, or whether it was a recess order. In Byrd v. Byrd, 193 Miss. 249, 8 So.2d 510 (1942), the Court considered whether an order of the Board of Supervisors was an adjournment sine die or a recess. The Court stated that the word “adjourn” has two well recognized meanings. One is to suspend or recess during a meeting which continues in session; the other is to conclude or terminate a term or meeting. The Court further stated that a regular meeting remains in session until terminated by an order of final adjournment or by operation of law. There is no provision for special meetings of the State Oil & Gas Board. Thus, we are of the opinion that the word “adjourn” in the order in question was intended to effectuate a recess until August 7, 1969. Litigants should not have their statutory right to appeal rest upon whether the word “adjourn” was used to denote a recess or the final adjournment of the July meeting. Such a holding is consistent with the tendency of this Court and the public policy as announced by the Legislature that the right to appeal should not rest upon matters of form. First National Bank of Vicksburg v. Cutrer, 190 So.2d 883 (Miss.1966).
Motion to strike transcript overruled.
All Justices concure except ETHRIDGE, C. J., who did not participate.