REQUESTED BY: Dear Senator Marvel:
You have requested the opinion of this office concerning the legal effect of certain legislative proceedings which you described as follows:
 "On Thursday, April 5, 1979, at the conclusion of the morning business, the Chair recognized Senator Howard Lamb for the express purpose of moving that the Legislature recess until 1:30 p.m. of the same day. Senator Lamb, upon being recognized, made a motion that the Legislature adjourn until 1:30 p.m. of that day.
 "The tape of the legislative proceedings indicates that the Speaker asked Senator Lamb to move for recess. The Legislative Journal for April 5, 1979, reflects the intent of the Legislature to recess and not to adjourn over the noon hour. Upon the motion, as posed by Senator Lamb, the vote was taken and the Chair declared the Legislature to be recessed. Senator Lamb, upon the reconvening of the Legislature at 1:30 p.m. on April 5, 1979, indicated his intent to recess and not to adjourn."
Your request for an opinion poses two specific inquiries:
1. Did Senator Lamb's motion to adjourn on April 5, 1979, use up one additional legislative day?
2. Has the Legislature used the proper procedure in stating the intent to recess and not adjourn at noon on April 5, 1979?
Article III, section 10 of the Nebraska Constitution provides in part that the duration of regular sessions of the Legislature shall not exceed ninety `legislative days' in odd-numbered years. The phrase, `legislative days' is not constitutionally of judicially defined, however Rule 7, section 1, Rules of the Nebraska Unicameral (1979), provides in part: `Each day the Legislature convenes shall be considered a legislative day.' (Emphasis added.)
This definition by the Legislature of the phrase, `legislative day,' is not necessarily controlling on an issue of constitutional interpretation, however courts are hesitant to depart from settled legislative construction. Knapp v.O'Brien, 288 Minn. 103, 179 N.W.2d 88, 95, n. 1 (1970).
Legislative construction of a constitutional provision is entitled to great weight. Stahmer v. State, 192 Neb. 63,218 N.W.2d 893 (1974).
It is an accepted principle of legal construction that language employed should be interpreted in its plain, ordinary and popular sense. Pettigrew v. Home Ins. Co.,191 Neb. 312, 214 N.W.2d (1974). Applying this tool of interpretation to the above-quoted definition of `legislative day,' in our opinion, numerous legislative meetings separated by temporary cessations of business, may be held on one `day,' i.e. one twenty-four hour period, as it is commonly understood, without constituting more than one legislative day.
Further, in our opinion, the fact that the temporary interruption of the legislative session at issue herein was initiated by a motion to adjourn rather than a motion to recess is of no legal consequence. Technically, a `recess' applies to an intermission taken by a body from time to time during a day and an `adjournment' means a suspension over a day or to some definite time in the future which may end a meeting, but not a session. Intermela v. Perkins,
205 F. 603, 611 (9th Cir. 1913). However, the meaning of the words `recess' and `adjourn' varies with the context in which the words are used. The two words have been defined as being interchangeable. Black's Law Dictionary, (4th Ed. 1968), p. 62, citing Byrd v. Byrd, 193 Miss. 249, 8 So.2d 510,512 (1942).
In People v. Martin, 5 N.Y. 1 (Seld) 22, 26, (cited in 36 Words and Phrases, Recess, p. 762), a town meeting adopted a resolution to adjourn to another location to continue the business of the meeting. The validity of the proceeding was contested on the ground that it was improper to continue a meeting on the same day after a motion to adjourn. In rejecting this argument, the court stated:
 "It cannot be very material whether the formal suspension of or putting off of business of the town meeting for a sufficient length of time to enable the presiding officer to go to the place selected was an `adjournment' or a `recess' or whether it was called in the motion made and carried either the one or the other."
See also, Beatle v. Roberts, 156 Ia. 720, 137 N.W. 1006,1008 (1912).
In our opinion, the motion to temporarily suspend business until 1:30 p.m. whether it was articulated by the moving party as a motion to recess or a motion to adjourn, did not render the reconvening after the interruption an addition legislative day.
Regarding your second inquiry, we note that the Legislative Journal for April 5, 1979, the sixty-first legislative day, at p. 1329, states:
`At 11:55 a.m., on a motion by Mr. Lamb, the Legislature recessed until 1:30 p.m.' The Legislative Journal for April 6, 1979, the sixty-second day, at p. 1340, states: `The Journal for the Sixty-First Day was approved.'
The journal entry of April 5, 1979, and its approval on April 6, 1979, conclusively establish that the legislative body did in fact recess from 11:55 a.m. to 1:30 p.m. on April 5. The Legislature has the inherent power to cause the record to reflect the true history of its proceedings. 81A C.J.S., States, § 54(b), p. 403. In our opinion the legislative procedure in this context was not improper.