TULLOS *v.* TOWN OF MAGEE.

(Division A.   March 14, 1938.)

[179 So. 557.   No. 33104.]

R. S. Tullos, of Raleigh, and McIntosh & McIntosh, of Collins, for appellant.

W. M. Lofton, of Mendenhall, for appellee.

McGehee, J., delivered the opinion of the court.

Under the authority of section 2391 of the Code of 1930, as brought forward from the Code of 1906, section 3314 thereof, the town of Magee, a municipal corporation, purchased in November of 1927 from the appellant, W. A. Tullos, a small tract of land outside the corporate limits on which was located a large spring, which was desired by the town as a source of water supply for the inhabitants thereof. A deed was executed therefor, which was thereupon duly placed of record, and recited a consideration of $200 paid in cash, together with the further consideration that the town should establish a hydrant and furnish water free at the home of the grantor, near the spring, and on certain lots in the town belonging to Sim Tullos. These were the only contractual obligations

contained in the deed; but there was also an order adopted by the municipal authorities on that same day and placed on the minutes awarding a contract to the appellant to operate the pump to be installed at the spring for pumping water for the town, and a separate contract entered into whereby he was emloyed at a salary of $50 per month for such services, payable monthly, to continue during the life of appellant, and to be extended so as to give his immediate lineal heirs the right to perform such services under the contract after his death, provided they, or either of them, could show by actual work that they were qualified and capable of performing the contract to the satisfaction of the town authorities; and the contract to continue during the life of the appellant as long as his services were satisfactory or needed, and with the like provisions as to such heirs.

The contract was signed by the mayor and the clerk of the board under the authority conferred by the order on the minutes, and likewise signed by the appellant.

Neither the deed nor the contract refer to each other in any manner so as to be interdependent, or so as to constitute the contract of employment a part of the consideration of the deed. If such employment was in fact intended by the parties as a part of the consideration of the deed, such fact could not be shown aliunde, since the effect of such proof would add to the contractual obligations contained in the written instrument of conveyance.

The appellee continued to pay the compensation of $50 per month to appellant until its January meeting in 1933, when a new set of municipal officers assumed their duties; the terms of one new set having intervened in the meantime. At its January meeting, 1933, the new mayor and board of aldermen reduced the compensation to $30 per month, which has since been accepted by the appellant, under protest, and he has continued to perform the services required under the contract. At the time of the

filing of this suit, this difference of $20 per month had accumulated until it amounted to $1,000, for which the suit is brought. From a judgment in favor of the appellee denying recovery, the appellant appeals.

The question presented for decision is whether a contract of such long-intended duration is enforceable, even if it be shown that it formed a part of the inducement for the sale of the parcel of land, but which is not shown by the writings themselves.

Appellant contends that by virtue of the authority of the statute conferring the power upon municipalities to install and maintain a waterworks system, there is given as an incident to such authority the right to employ some one to operate the plant and to fix his compensation therefore. This is true as regards contracts reasonably necessary and expedient for the accomplishment of that purpose. However, it is beyond the power of municipal officers to bind their successors in office in the exercise of their discretionary authority to fix the compensation of employees engaged for the performance of services rendered to the public. Such a contract, being ultra vires, does not estop the municipality, since all persons dealing with it are charged with knowledge of the laws by which it is governed, which limit the power of its officers. Only such powers are possessed by a municipality as are expressly conferred by statute, together with those granted by necessary implication by what is expressed in terms, and such powers as are either express or implied are the powers of the municipalities, and not of the officers who represent them.

It is necessary to hold under the authority of Edwards Hotel Co. v. City of Jackson, 96 Miss. 547, 51 So. 802, and Edwards House Co. v. City of Jackson, 138 Miss. 644, 103 So. 428, 42 A. L. R. 625, and the cases therein cited, that the contract in question is ultra vires, and therefore unenforceable, as attempting to fix the compensation of

a city employee to cover a period of employment extending beyond any reasonable limitation.

Therefore the judgment of the circuit court must be affirmed.

Affirmed.