FITZGERALD *v.* TOWN OF MAGNOLIA.

(Division B.   Oct. 24, 1938.)

[184 So. 59.   No. 33356.]

Mounger & Watts, of McComb, for appellant.

James A. Wiltshire, of Magnolia, for appellee.

Argued orally by **Breed O. Mounger**, for appellant, and by **James A. Wiltshire**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action in the circuit court of Pike county against appellee to recover the sum of $2,237.75, which he claimed was due him under a contract for his services in being instrumental in putting on its assessment rolls for taxation certain railroad properties. Appellant entered into a written contract with appellee on its minutes by which it was provided that appellant should be paid fifty percent of all back taxes collected by appellee as the result of his discovering and having placed on appellee's tax assessment rolls any real estate due to be thereon, but which had escaped assessment and taxation in the past. As a result of his efforts certain Illinois Central railroad property, situated in the municipality, was back assessed for some years past, which resulted in the collection by it of back taxes from that company in the sum of $4,475.50. Appellee's suit is for half of that amount which he claims under his contract.

The case is here on demurrer which the trial court sustained, and, appellant declining to plead further, final judgment was entered dismissing the suit. From that judgment appellant appeals.

The assessment of railroad property for taxation for the state and all of its political subdivisions is conferred on the State Tax Commission by Sections 3204, 3208, and 3209, as amended by Chapter 291 of the Laws of 1932, except real estate wholly disconnected from the railroad business, the assessment of which is left to the local authorities as other real estate. The appellee is not operating under a special charter, but under the Code chapter on municipalities (Chapter 50, sec. 2369 et seq., Code of 1930). There its charter powers are found. The power of a municipality to contract with reference to a certain matter must either be expressly conferred by its charter or necessarily implied therefrom. 44 C. J., Secs. 2123, 2124, p. 66. The chapter on municipalities provides in express terms for the offices of tax collector and tax assessor. The question here is whether a municipality has the power to employ a tax assessor in addition to the one provided by law. Appellant argues that such action is authorized by Section 2391 of the chapter on municipalities. That section provides, among other things, that municipalities may "make all contracts and do all other acts in relation to the property and concerns of the municipality necessary to the exercise of its corporate or administrative powers." We are of the opinion that the argument is unsound. If such action were upheld, the Mayor and Board of Aldermen could go further and employ an assistant mayor, assistant aldermen, and, of course, assistant to any of the other municipal offices. There is no such express authority in the charter, nor can any such be reasonably inferred from powers expressly granted.

We do not think the case of Vicksburg Water Works Company v. City of Vicksburg, 99 Miss. 132, 54 So. 852, 33 L. R. A., N. S., 844, Ann. Cas. 1913D, 917, is in point. The City of Vicksburg was involved in a law suit. The question in that case was whether it had the right to employ counsel to assist the city attorney in the suit. The court held that it had. In effect that decision means

that the charter power to employ a city attorney did not mean there could not be two attorneys employed. The contract here involved is void and unenforceable. Affirmed.