SMITH *v.* MITCHELL *et al.*

(In Banc.   April 28, 1941.)

[1 So. (2d) 765.   No. 34543.]

**L. F. Easterling** and **J. E. Skinner,** both of Jackson, for appellant.

Chas. **D**. **Fair** and **E**. **M**. **Livingston,** both of Louisville, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The decree of the chancery court appealed from sustained the separate demurrers filed by the appellees to the bill of complaint of the appellant, Leland Smith, suing on his own behalf and on behalf of the City of Louisville, a municipal corporation, to recover the sum of $25,000 and accrued interest alleged to be due the city by the appellees, R. I. Mitchell, Sr., J. W. Mitchell, and J. F. Chaney, doing business as the Louisville Ice & Storage Co., for the purchase price of the City Ice Plant site, building, machinery, and equipment, under the terms of a sale made to them by the city during the year 1926.

It is alleged in the bill of complaint that the appellant, as an accountant and auditor, was employed by the City of Louisville in November, 1938, to represent it in collecting any money due and owing to the city by any person, firm, or corporation on account of any claim or cause of action of any nature whatsoever, save and except back taxes owing to the city and claims against past city officials; that the appellant was to receive as a fee for

his work and representation of the city a one-half undivided interest in such claims and causes of action so as to entitle him to receive one-half of all money collected on the same; and that he was authorized and empowered to sue, settle, or compromise in his discretion such claims or causes of action in any manner that he should see fit. A purported contract to that effect signed by the mayor of the city is made an exhibit to the bill of complaint, which we presume was assented to and attempted to be ratified by the mayor and board of aldermen as a whole when approving the minutes of the board at the meeting when the same was entered of record.

It is further alleged upon information and belief that the purchasers of the said ice plant have never paid to the city any part of the consideration of the sale and that therefore the appellant is entitled, on account of discovering such fact and by virtue of his said contract, to recover the purchase price in his own behalf and on behalf of the city, but that if it should appear from the evidence in the case that the purchasers have already paid the consideration to the Bank of Louisville as city depository, which is also made a defendant, then that the said depository should be held liable therefor; and the complainant asks that he be allowed to recover from the city under the terms of his contract one-half of the amount found to be due and owing to the city either by the depository or by the purchasers of said property.

Process was issued for the City of Louisville, as well as for those named as defendants in the bill requiring that the city plead, answer, or demur to the complaint, and there was filed as an exhibit to the bill of complaint an order of the new mayor and board of aldermen, dated January 7, 1939, canceling and terminating the said contract of employment. This order recites that no funds had been collected by the appellant on behalf of the city up to that time and directed that he discontinue any efforts to make collections for and on behalf of the city of any sum from any person whatsoever. Thus, it will be

seen that this order was passed by the new city administration prior to bringing this suit on August 12, 1939, and without the authority or consent of the city officials then in office.

Assuming for the purposes of this decision that the former mayor and board of aldermen had authority under the circumstances to employ an accountant and auditor to check the records, books, and accounts of the municipality and to pay a reasonable compensation for such services, it would nevertheless be without authority to delegate to an auditor and accountant the right or power to thereafter settle or compromise at his own discretion for an unspecified period of time any claim or cause of action existing in favor of the city. Nor could it bind a subsequent administration by such attempted delegation of authority as to suits that might be instituted during the ensuing term without its consent, and contrary to an express objection and order duly entered of record prior to the filing of such a suit. It was held in the case of Edwards Hotel & City St. R. Co. v. City of Jackson, 96 Miss. 547, 51 So. 802, that each mayor and board of aldermen may in their discretion determine when the powers conferred upon them by law shall be exercised and that one mayor and board of aldermen may not bind their successors to carry out contracts made by the former seeking to take away from the latter rights and powers conferred upon them by law. Likewise, in the case of Tullos v. Town of Magee, 181 Miss. 288, 179 So. 557, 558, it was held that "it is beyond the power of municipal officers to bind their successors in office in the exercise of their discretionary authority to fix the compensation of employees engaged for the performance of services rendered to the public. . . . Only such powers are possessed by a municipality as are expressly conferred by statute, together with those granted by necessary implication by what is expressed in terms, and such powers as are either express or implied are the powers of the municipalities,

and not of the officers who represent them.'' See, also, Fitzgerald v. Town of Magnolia, 183 Miss. 334, 184 So. 59.

The suit is not one to recover a reasonable compensation for such services as may have been rendered by the accountant and auditor in the premises. Nor does the bill of complaint allege any facts from which the extent or value of any work done in connection with this particular claim, or otherwise, could be determined, if the complainant is entitled to recover on a quantum meruit. Moreover, that issue is not presented by the pleadings. The suit is on an alleged contract wherein the compensation expressly provided for was to be in consideration of service rendered in collecting any sum of money due and owing to the City of Louisville. While it is also true that the contract undertakes to assign a one-half undivided interest in any claim or cause of action held by the city against any person, firm, or corporation, it is as heretofore stated unenforceable to enable the assignee to institute and conduct a suit on any alleged cause of action on behalf of the city or in his own right over the protest of the city officials who are in office at the time of the institution thereof and who are charged under the law with the responsibility of administering the city's affairs. The suit is neither one for damages caused by the act of the present municipal authorities in preventing the prosecution of a suit in which the complainant has an interest and which is alleged to have been lawfully commenced during the term of their predecessors, nor one duly authorized by those now in office.

The appeal from the decree sustaining the demurrers was granted by the chancellor to settle all the controlling principles of law involved; and, under our view of the case, the order here must therefore be to affirm and remand.

Affirmed and remanded.