THOMAS, Justice.'
The appellants, Trustees of Palm Beach Shores, Inc., a dissolved corporation, sued the Town of Lantana and lost.
The prime question is the sufficiency of the bill, we will now analyze, to withstand a motion' to dismiss.
The corporation purchased a tract of land that was rather remote and accessible to Lantana Avenue only by an unpaved road. It was the purppse of the corporation to subdivide the property and sell it by lots but in order to make it attractive to prospective buyers, it was necessary to pave a certain -street' and lay water mains. The town was reluctant to make the improvements because there were not sufficient homes in the area to justify the expenditures.
So the corporation, through its president, submitted to the town a proposal to install the paving and water mains and to receive a. credit on taxes for the principal amount of the investment. -As a part of the proposal- the corporation was to be “allowed to erect ornamental markers at the corners of Atlantic Drive as per Sketches ’'A’ and ‘B’ enclosed,” The “corners”, we understand, were formed by the junction of Lantana Avenue and Atlantic Drive.
A letter was sent to the corporation by the. mayor of the town reporting that the town council had “acted favorably” on the proposal including the provision for the construction of the ornaments.
*246 Eventually the corporation performed its obligations under the agreement, then the town notified the appellants that if the ornaments were not removed, the town would destroy them. This suit for injunction against destruction of the ornaments by the town, or for any damage resulting from such action, followed.
The chancellor dismissed the bill on motion, expressing the view in his order that if the town council could make a valid agreement for the construction of the markers, the right could exist no more than a reasonable length of time, and should the town remove the ornaments before expiration of a reasonable length of time the appellants would have a right of action for damages. This was the order finally dismissing the bill which had been amended. In a prior order on a motion to dismiss the original bill he had observed that an agreement such as the one involved, to erect a structure to serve a private interest, could be “terminated at the pleasure of the Town Council.”
As we analyze the chancellor’s conclusions he did not determine whether the act of the city, so far as the markers were concerned, was ultra vires, but held that if the contract between the town and the appellants in that respect was valid, the structures could be maintained only a reasonable length of time and if the town removed them before the expiration of such reasonable period, an action for damages would lie.
 We think the pivotal issue is the authority of the town so to contract and that if there was no power in the town to enter the contract for construction of the ornaments, the appellants would not be entitled either to an injunction or damages regardless of the shortness of time the markers had been in existence.
No part of the charter has been exhibited granting the town the power to allow the use of public property for a private purpose as was attempted by the contract between the town and the appellants in respect of the ornaments. In the absence of such provision in the charter or statute the act was ultra vires because the town had no inherent power to grant a privilege to use its streets. City of Birmingham v. Holt, 239 Ala. 248, 194 So. 538. Inasmuch as the contract was ultra vires it was wholly void. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, and in our opinion there is no flexibility to the rule that would permit continuance for a reasonable period of a structure erected under it; nor by the same token, would there be justification for damages for the removal. Madry v. Town of Scotland Neck, 214 N.C. 461, 199 S.E. 618; Jenkins v. City of Henderson, 214 N.C. 244, 199 S.E. 37.
We have not ignored appellants’ argument that the construction of the roadway, installation of water mains and erection of the ornaments were, in the vernacular, a ‘package deal’ and that the municipality should not be allowed to receive the benefits from the construction of the streets and installation of mains and repudiate the part of the contract providing for the ornaments. In this attempt, so they insist, the doctrine of estoppel should be invoked.
Although the argument appeals to us from a moral standpoint, we have the conviction that we would veer widely from the course defined by the authorities if we held that rugged justice demanded in this particular case that the appellee should be held to all its bargain. To reach the point, we would be compelled to rule that the appellee was estopped to deny the validity of the contract, and the weight of authority forbids the position. Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874; Tullos v. Town of Magee, 181 Miss. 288, 179 So. 557. In the case of Texas Co. v. Town of Miami Springs, Fla., 44 So.2d 808, we invoked the doctrine of estoppel against a municipal corporation but the fundamental fact there was not the same as the fundamental fact here. In the cited case the municipality had the power to act as it did, but acted in such fashion as to create an estoppel; here the town acted beyond its prescribed power.
We decide that the chancellor properly dismissed the bill; that the appellants had *247 no right to an injunction and that hope of recovering damages should not be held out to them.
Affirmed.
ROBERTS, C. J., and TERRELL and HOBSON, JJ., concur.