ROBERTS, Justice.
The appellees, City of Miami and Bus Stops of Greater Miami, Inc. (“the corporation” hereafter), entered into a contract by which the City granted permission to the corporation to place “distinctive markers” along the city streets, in consideration for which the corporation agreed to pay the city $8 per year per marker. The markers were to be placed at bus stops along the regular bus routes and, in addition to indicating the bus stop, would provide other information of interest to the public, such as weather forecasts, safety slogans, and schedules of public events. The contract also provided that the corporation could use a small portion of the space on the marker, not to exceed 380 square inches, “for display advertising of a tasteful and suitable nature.”
The instant suit was filed by the appellants against the City and the corporation to enjoin the erection of such a marker on the street right-of-way abutting their premises on the ground that the City had no authority to contract for the use of its streets for private advertising purposes and the proposed marker would constitute a public and private nuisance. The lower -court dismissed their complaint, and hence this appeal.
It is conceded that the City has no express legislative authority to enter into the contract in question; and the sole issue here is whether the authority to do so may be implied from its general police power or its express charter authority to regulate the use of its streets. This issue must be decided adversely to the City’s contention.
It is universally held that, in the absence of express legislative authority, a city has no power to grant to a private individual a privilege to use any portion of its streets or sidewalks for a special private purpose. Edwards v. Town of Lantana, Fla. 1955, 77 So.2d 245; Gates v. City Council of Bloomfield, 1951, 243 Iowa 1, 50 N.W.2d 578; Brough v. Ute Stampede Ass’n, 1943, 105 Utah 446, 142 P.2d 670; Owl Protective Co. v. Public Service Commission, 1936, 123 Pa.Super. 382, 187 A. 229, 231; Terrell v. Tracy, 1950, 312 Ky. 631, 229 S.W.2d 433; State ex rel. Beck v. City of Hutchinson, 1936, 144 Kan. 700, 62 P.2d 865; City of Birmingham v. Holt, 1940, 239 Ala. 248, 194 So. 538; State ex rel. Belt v. City of St. Louis, 1901, 161 Mo. 371, 61 S.W. 658; People ex rel. Healy v. Clean Street Company, 1907, 225 Ill. 470, 80 N.E. 298, 9 L.R.A.,N.S., 455.
Accordingly, the decree appealed from should be and it is hereby reversed, under the authority of the cases above cited, and the cause remanded for the entry of a decree in favor of the appellants.
Reversed and remanded with directions.
TERRELL, Acting C. J., and O’CONNELL and BUFORD, JJ., concur.