WHITWORTH COLLEGE, Incorporated,

v.

CITY OF BROOKHAVEN, a Municipal Corporation.

No. 2157.

United States District Court
S. D. Mississippi,
Jackson Division.

April 23, 1958.

Chester L. Sumners, Oxford, Miss., for plaintiff.

Cohn, Hobbs & Hobbs, Brookhaven, Miss., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendant.

MIZE, District Judge.

Plaintiff in this case is a Tennessee corporation and the defendant is a municipality formed under the general laws of Mississippi relative to municipal corporations and is governed by a Mayor and Board of Aldermen who are elected every four years. There are several questions presented for decision, the first one being one as to the jurisdiction of this court; the second, a major question, is whether or not an option granted in 1941 by the City of Brookhaven to Whitworth College, Incorporated, a Mississippi corporation, is a valid option, and as a corollary to that question, a major one, is whether or not the lease granted by the City of Brookhaven to Whitworth College, Incorporated, in which the option was embraced, is a valid lease. The solution of these questions requires a statement of the details and background of the transactions.

For many years prior to 1938 Whitworth College was an institution operated by the Methodist Church of Mississippi and the real estate and buildings thereon comprising the college was owned by the Methodist Education Commission, Inc. On the 19th day of September, 1938 the Methodist Education Commission, Inc. conveyed to the City of Brookhaven the property herein described, and which had formerly been known as Whitworth College.

Before the purchase of the property by the City of Brookhaven and during the year 1938, the City of Brookhaven issued negotiable bonds for the purchase of the land and the buildings thereon to be used for a public park and other municipal purposes. During the year 1938 the Legislature of the State of Mississippi passed a law designated as Chapter 194, Laws of 1938, Ex.Sess., which was approved on August 3, 1938 by the Governor, authorizing the Mayor and Board of Aldermen of the City of Brookhaven in their discretion to *lease* or *sell* all or any part of the property purchased or to be purchased by it from the Methodist Education Commission. This Act of the Legislature will be set out in all its material parts hereinafter, and solution of the major propositions involved in this lawsuit depend upon the construction of that Act.

On February 4, 1941 the Mayor and Board of Aldermen of the City of Brookhaven, who then composed the governing body of the City, executed a lease contract under which the City of Brookhaven leased to Whitworth College, a Mississippi corporation, a predecessor of the plaintiffs herein, the real estate which the City had theretofore acquired from the Methodist Education Commission. This lease was for an annual rental of one dollar per year and for the term of twenty years from the 16th day of August, 1938 and contained a right of renewal under the same terms for an additional twenty years. It undertook to grant to the lessee, Whitworth College, Incorporated, an option to purchase the property at any time during the life of that instrument and fixed the purchase price in the sum of $25,000 plus interest at 4% from August 16, 1938 to the date of the exercise of the option. If this lease contract and the option are valid, then the lessee had a period of forty years in which to exercise his option, if he complied with the lease contract in all other respects. The term of office of the Mayor and Board of Aldermen who then constituted the governing body of the City of Brookhaven whould expire on December 31, 1944. At that time a new Mayor and Board of Aldermen would be installed in office for a term of four years, which would end on January 2, 1949.

The question at the threshold of the case is one of jurisdiction, the defendants having timely raised the question by a motion to dismiss for lack of jurisdiction, and the facts leading up to that motion are these: Whitworth College, a Mississippi corporation, which was the lessee under the lease, was incorporated under the laws of Mississippi and its

charter approved by the Governor on August 31, 1938, and was domiciled at Brookhaven. It was created for a period of fifty years for the purpose of establishing, conducting and operating a school or college in Brookhaven, Mississippi, and was a non-profit, non-share corporation. It was with that corporation that the lease of February 4, 1941 was executed. During the year 1949 the Mayor and Board of Aldermen who then constituted the governing body of the municipality adopted and passed an order (June 21, 1949) authorizing and directing the Mayor to write Sinclair Daniel, who was President of Whitworth College, a letter stating that the Mayor and Board did not consider the lease of May 14, 1941 as a valid and binding lease and agreement upon the municipality at that time, but that the Board was agreeable to permitting Whitworth College to continue to operate the college premises as a school provided Whitworth College entered into a new lease contract with the Board. Pursuant to that order the Mayor did write to Sinclair Daniel in accordance with it. Thereafter, on July 5, 1949, Whitworth College attempted to exercise the supposed option contained in the lease contract of February 4, 1941 and made a tender of the $25,000 plus the interest, but this offer was refused by the City of Brookhaven, and again on June 2, 1950 Whitworth College, Mississippi attempted to exercise said supposed option, but the Mayor and Board of Aldermen then in office refused the offer. The term of office of the Mayor and Board of Aldermen of the City of Brookhaven who were in office in 1949 and 1950 expired on July 5, 1953 and those officials were succeeded by the present Mayor and Board of Aldermen. On April 20, 1954 the present Mayor and Board of Aldermen adopted a resolution adjudicating that the lease contract executed on February 4, 1941 was null and void and had no binding effect upon the then existing administration and directed the Mayor to notify Whitworth College of the action of the administration. In accord with that resolution the Mayor, on April 21, 1954, notified Whitworth College of the adoption of the resolution of April 20, 1954.

The incorporators of Whitworth College,. Mississippi consisted of Sinclair Daniel, who was President, and other members of his family or those closely related to his family. On April 17, 1954 Sinclair Daniel, with other members of the family, applied to the State of Tennessee for a charter of incorporation under the name of Whitworth College, Incorporated for the purpose of establishing and conducting schools or colleges in the State of Tennessee, or elsewhere. This charter was granted by the State of Tennessee and properly filed on April 23, 1954. On April 30, 1954 the charter of Whitworth College, Incorporated, Tennessee was filed in the office of the Secretary of State of Mississippi and on that date it qualified to do business in the State of Mississippi and the Tennessee charter was approved by the Governor of Mississippi on May 3, 1954.

On April 30 1954 Whitworth College, Mississippi undertook to convey and sell to Whitworth College, Incorporated, Tennessee the lease contract of February 4, 1941. The deed conveying the property recited a consideration of $10 and the assumption by the Tennessee corporation of all the liabilities of the Mississippi corporation. On the same day, April 30, 1954, Whitworth College, Incorporated, plaintiff herein, filed this suit in this Court against the City of Brookhaven, seeking specific performance of the lease contract dated February 4, 1941, and on May 1, 1954 Mr. and Mrs. H. T. Daniel filed a petition in the Chancery Court of Lincoln County, Mississippi seeking to have the Mississippi corporation dissolved; on May 4, 1954 the defendant therein, Whitworth College, Mississippi, filed its answer, admitting the allegations contained in the petition of Mr. and Mrs. H. T. Daniel and consenting that the corporation be dissolved. The record in this case fails to show one way or the other whether a decree was ever entered in that case.

■ Under the foregoing facts the defendant contends that a transfer to the plaintiff of the lease contract is an attempted consolidation or merger of a Mississippi corporation with a Tennessee corporation without statutory authority or colorable compliance with any statutory authorities of either state and that the alleged cause of action set forth in the complaint is not vested in the plaintiff, but if any exists, then it was vested in the citizens and residents of Mississippi, the former stockholders of the Mississippi corporation, and that, therefore, the diversity of citizenship does not exist. This contention by the defendant is not sound. Plaintiff is a Tennessee corporation, lawfully organized under the State of Tennessee and approved by the Governor of Tennessee, and it filed its charter with the Secretary of the State of Mississippi, as provided by Mississippi law. The question presented is whether or not a Tennessee corporation may be organized under the same name and then a Mississippi corporation transfer all of its assets to the Tennessee corporation. The mere fact that the corporation in Tennessee was formed intentionally for the purpose of conferring jurisdiction upon a suit to be brought by it in the Federal Court of Mississippi is immaterial. As long as a litigant exercises a lawful right he cannot be charged with fraud in doing that which the law gives him the right to do. Many authorities could be cited to this effect, but sufficient is the case of Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681. This court, therefore, has jurisdiction.

There are a number of minor questions involved which first will be disposed of. In its answer the defendant, as its seventh defense, contends that the adoption of the order of the Mayor and Board of Aldermen on February 4, 1941, which authorizes the execution of the lease contract, and the execution of the lease contract itself, violated Section 90(p) of the Constitution of the State of Mississippi, and violated the intent of the Special Act of the Mississippi Legislature of 1938 within the limitations of the above mentioned section of the Constitution, and averred that Whitworth College, the Mississippi corporation, was a private corporation, engaged, for its benefit, in the operation of a private school which solely was for the benefit of the corporation and averred that it was without any consideration to the defendant for the purchase of the lease of the said real estate, and for that reason was in violation of the aforesaid section. And in its ninth defense defendant averred that it was in violation of Section 95 of the Constitution of the State of Mississippi, which prohibited the donation, directly or indirectly, of lands belonging to or under the control of the State to private corporations; and in its twelfth defense averred that it violated Section 183 of the Constitution of the State of Mississippi. These contentions of the defendant are unsound in so far as they contend that any sections of the Constitution were violated.

■ Section 95 of the Constitution provides that lands belonging to the State shall never be donated, directly or indirectly, to private corporations or individuals, or sold to a corporation for a less price than that for which it could be sold to individuals. Under the facts of this case there was no such donation, in view of the fact that, taking the lease in its entirety, there was a consideration. Section 90 of the Constitution prohibits the Legislature from passing special laws in cases therein enumerated. One of these, (p), is against providing for the management or support of any private or common school in granting such school any privileges. The facts in this case do not bring it within the condemnation of that section. Section 183 of the Constitution of Mississippi provides that no county, city, town or other municipal corporation shall become a subscriber to the capital stock of any railroad or other corporation or association, or make appropriations or loan its credit in aid of such corporation or association. There is nothing in the facts of this case to

bring it within the condemnation of that section. It is contended, of course, that the transaction amounted to a loan to the private corporation of its credit, but this would be extending the prohibition too far.

' [5, 6] This property was owned by the city and it was authorized by the Special Act to deal with it in accord with that Act of the Legislature, which Act was a constitutional exercise of the powers of the Legislature. The powers conferred upon the municipality must be strictly construed, but it is constitutional. In the case of Turner v. City of Hattiesburg, 98 Miss. 337, 53 So. 681, it is shown that the Legislature recognized that cities would have much desire to have such an enterprise as a college and the Legislature authorized the municipalities to issue bonds to secure the location of the school. The constitutionality of that Act was upheld in that case. The constitutionality of a similar Act was upheld by the Supreme Court of Mississippi in the case of Albritton v. City of Winona, 181 Miss. 75, 178 So. 799, 115 A.L.R. 1436. The contentions of the City on the foregoing grounds, therefore, cannot be upheld.

We come now to the major question and in order to determine the correct solution it will be necessary to set out the Act of the Legislature of August 3, 1938 and also the contract that was entered into between the Mayor and Board of Aldermen of the City of Brookhaven of February 4, 1941. The Act of the Legislature is as follows:

"An Act authorizing the mayor and board of aldermen of the city of Brookhaven, Mississippi, to lease or sell all or any part of the property purchased or to be purchased by the mayor and board of aldermen of the city of Brookhaven, Mississippi, from Mississippi Methodist education commission with the preceeds of the bonds issued or to be issued by the city of Brookhaven, Mississippi, on the 2nd day of August, 1938; and other details thereof.

"Section 1. Be it enacted by the Legislature of the State of Mississippi, That the mayor and board of aldermen of the city of Brookhaven, Mississippi, be and they are hereby authorized and empowered, in their discretion, to lease or sell all or any part of that particular property purchased or to be purchased by it from Mississippi Methodist education commission, which property was purchased * * * with the proceeds of the bonds issued or to be issued by the city of Brookhaven, Mississippi, on the 2nd day of August, 1938.

"Sec. 2. In the event the mayor and board of aldermen of the city of Brookhaven, Mississippi, sell or dispose of said property, the sale price thereof shall not be less than the sum of money paid for said property, plus interest thereon at the rate of four (4%) per cent per annum from the date of the issuance of said bonds.

"Sec. 3. In the event the mayor and board of aldermen of the city of Brookhaven, Mississippi, sell or dispose of any part of the hereinbefore mentioned property, the sale price thereof shall be in proportion to the purchase price of the entire property, plus four (4%) per cent interest thereon from the date of the issuance of said bonds.

"Sec. 4. That for cause this act shall take effect from and after the date of its passage."

The contract of February 4, 1941 is as follows:

"State of Mississippi
Lincoln County
"This Contract made and entered into on this the 4th day of February, 1941 by and between the City of Brookhaven, a municipal corporation of the State of Mississippi, party of the first part, and Whitworth College, a corporation organized under the laws of the State of Mississippi, party of the second part, Witnesseth:

"The party of the first part for an annual rental of One Dollar ($1.00) per year hereby leases to the party of the second part for a term of twenty (20) years from the 16th day of August, 1938, subject to the terms, provisions and con-

ditions hereinafter stated, the following described real estate situated in the City of Brookhaven, Mississippi, to-wit: (Here follows the description of the land.)

"It is understood and agreed that the party of the second part shall use said property only for educational purposes, maintaining thereon a college and agreeing to operate and maintain same to the best of its ability and so as to secure for it at all times recognition among other educational institutions of its rank.

"The party of the second part is to maintain all improvements situated on the said lands in a good state of repair and bear all expense thereof.

"The party of the second part shall have the right to renew this lease on the same terms for an additional twenty (20) years from its expiration provided notice of the desire to renew is given twelve months prior to the expiration of this instrument.

"During the life of this instrument the party of the second part shall have the right to purchase said property for the sum of Twenty-five Thousand Dollars ($25,000.00) plus interest at the rate of four per cent (4%) from August 16th, 1938 to date of purchase.

"During the life of this instrument the party of the second part agrees to carry and pay the premiums on fire and tornado insurance in the amount of not less than Twenty Thousand Dollars ($20,000) covering the improvements on the above described lands for the purpose of replacing or repairing buildings destroyed.

"During the life of this instrument and in event of purchase by the party of the second part said property so far as is permissible under the laws of the State of Mississippi shall be exempt from taxation.

"The party of the first part may at its option terminate this instrument when after three consecutive years the enrollment in the college maintained on said property has fallen below sixty (60)."

 It will be noted that the Act of the Legislature empowered the Mayor and Board of Aldermen of the City to *lease* or *sell* all or any part of the property purchased by the Mayor and Board of Aldermen of the City of Brookhaven, and further authorized the Mayor and Board of Aldermen in their discretion to *lease* or *sell*; and in the second section of the Act it was provided that in the event the Mayor and Board of Aldermen sell or dispose of said property, the sale price should not be less than the sum of money paid for the property, plus interest thereon at the rate of 4% from the date of the issuance of the bonds. The Act nowhere authorized the Mayor and Board of Aldermen to give an option for a period of forty years to a lessee to purchase the property at a fixed price. The only power the Mayor and Board of Aldermen had was to lease the proprety or sell the property, and there is no part of the Act from which it could be implied that the Mayor and Board of Aldermen in power for a period of four years could bind future governing bodies of the City in the exercise of a sound discretion for the benefit of the City. It is a well settled principle of law that the powers of a municipality are only those which are granted to it by the Acts of the Legislature. Every person who deals or contracts with a municipality is charged with knowledge of this law and of the limitations that are placed by law upon the authority of the governing body of a municipality. These principles of law are well settled by decisions of the Supreme Court of Mississippi and it is unnecessary to go outside of the State in order to determine what the law in Mississippi is. The purported contract was entered into in Mississippi by citizens of Mississippi and the property is located in Mississippi, and naturally the law of Mississippi governs. Many Mississippi authorities could be cited announcing this principle.

In the case of Town of Clinton v. Turner, 95 Miss. 594, 52 So. 261, the Court said:

"Municipalities act under limited powers, and must find their authority clearly given in the law, and when so found, they must follow the law."

See also Crittenden v. Booneville, 92 Miss. 277, 45 So. 723, 725, wherein the Court said:

" * * * the charter powers of a municipality are to be construed most strongly against a right claimed by it and not clearly given by the statute. When there is any doubt as to whether or not a municipality has the power to do or not to do a particular thing, this doubt should be solved against its charter powers, unless it is plainly manifest that the power is confided to the municipality to act."

There is another case that is applicable, and particularly so because the City of Hazlehurst was a city operating under the Code chapter on municipalities just as is the City of Brookhaven, in this case, organized and acting under the Code chapter on municipalities. In that case, City of Hazlehurst v. Mayes, 96 Miss. 656, 51 So. 890, the Supreme Court of Mississippi said:

"This city is a municipal corporation, operating under the Code chapter on municipalities. It is an elementary principle of law that as such it has no powers except those delegated to it by the state. It is equally well established that its powers are to be construed most strongly against a right claimed by it and not clearly given by the statutes. The officers of a municipality are not the agents of the people. They are merely officers elected to perform certain municipal or local governmental duties defined by the statutes of the state. These duties cannot be extended by mere implication to grave and important acts not authorized by law. Nothing but legislative grant can do this. When there is any doubt as to whether or not a municipality has the power to do or not to do a certain thing, this doubt must be resolved against its charter powers, unless it is plainly manifest that the power is conferred to the municipality to act."

Other applicable authorities are Steitenroth v. City of Jackson, 99 Miss. 354, 54 So. 955; Edwards House Co. v. City of Jackson, 138 Miss. 644, 103 So. 428, 42 A.L.R. 625; Marshall v. City of Meridian, 103 Miss. 206, 60 So. 135; Fitzgerald v. Town of Magnolia, 183 Miss. 334, 184 So. 59.

It is clear under these authorities that the act of the Mayor and Board of Aldermen in 1941 was ultra vires and void. The only power that was conferred upon the Mayor and Board of Aldermen was to sell the property at no less than the minimum price authorized by the Legislature and to conclude the sale or lease the property in its discretion for a term of years not exceeding the expiration date of the term of office of those then in power. It is so clear that an option is entirely separate and distinct from a sale or a lease that, really, it is unnecessary to cite authorities. However, the distinction is well defined in 55 Am.Jur., Vendor and Purchaser, Sec. 29:

"The distinction between a contract to purchase and sell real estate and an option to purchase is that the contract to purchase and sell creates a mutual obligation on the one party to sell and on the other to purchase, while an option merely gives the right to purchase within a limited time without imposing any obligation to purchase. An agreement by which a party is bound absolutely to purchase land is not an option, but an agreement of purchase and sale. Accordingly, an agreement by which a party binds himself unconditionally to pay the purchase price is often, for that reason, held to be a contract to purchase. The distinguishing characteristic of an option contract is that it imposes no binding obligation upon the person holding the option. An option creates no enforceable indebtedness on the part of the person to whom it is granted."

The Mayor and Board of Aldermen who constituted the governing body of the City of Brookhaven on February 4, 1941 did not have the power to bind the discretion of future governing bodies who were to be chosen by the people at periodical times. The true test is whether or not the contract in question deprives the governing body or its successors

of a discretion which public policy requires should be left to succeeding governing bodies. In the case of Plant Food Co. v. City of Charlotte, 214 N.C. 518, 199 S.E. 712, 714, the Court said:

"The true test is whether the contract itself deprives a governing body, or its successor, of a discretion which public policy demands should be left unimpaired."

An applicable case is Edwards Hotel & City Street Railroad Co. v. City of Jackson, 96 Miss. 547, 51 So. 802, 805, in which the Mississippi Court said:

"Each mayor and Board of Aldermen cannot exercise full jurisdiction if predecessors may tie their hands in the matter of requiring to be done any matter which is comprehended in the exercise of full jurisdiction; that is to say, each mayor and board of aldermen has a right, in their discretion, to say when paving is necessary."

Also, Tullos v. Town of Magee, 181 Miss. 288, 179 So. 557, 558, wherein the Court said:

"However, it is beyond the power of municipal officers to bind their successors in office in the exercise of their discretionary authority to fix the compensation of employees engaged for the performance of services rendered to the public."

See also American Oil Co. v. Marion County, 187 Miss. 148, 192 So. 296; Smith v. Mitchell, 190 Miss. 819, 1 So. 2d 765; Humble Oil & Refining Co. v. State, 206 Miss. 847, 41 So.2d 26.

The plaintiff contends that the contract was valid under the Act of 1938, as well as under Section 2391 of the Code of 1930, which in 1941 was in effect, but which section is also brought forward into Section 3396 of the Code of 1942.[1] This section enumerates the general powers of a municipality and among others is one as follows:

"To sell and convey any real and personal estate owned by it, and make such orders respecting the same as may be deemed conducive to the interest of the municipality, and to exercise jurisdiction over the same."

The plaintiff contends that under this section, as well as the Act, when the Mayor and Board of Aldermen invited Mr. Daniel to come to Brookhaven and confer with the citizens thereof in an effort to continue the operation of Whitworth College as a going institution, and when he gave up his position where he was theretofore located and under an oral contract operated the college for some two or three years, and when he entered into a written contract which obligated him to carry on the school, keep the property insured, keep it in good repair, and perform other obligations placed upon him by the contract, that it was based upon a valuable consideration and is binding upon the city. However, this contention cannot be sustained for the reason that as hereinbefore shown, one who deals with a municipality is charged with all of the limitations upon its powers that are announced in the law. It necessarily follows that when he entered into this contract, as a matter of law there was written into the contract the laws of Mississippi governing municipalities. A contract between a municipality and another person is different from a contract entered into between private individuals. Under all the authorities hereinbefore cited, it is clear that the contract of February 4, 1941 was ultra vires and void.

The complaint will be dismissed and specific performance denied. The prayer of the counterclaim will be sustained and the contract declared void. Order may be drawn in accord herewith.

1. Now Code 1942, § 3374–112.