**WHITWORTH COLLEGE, Incorporated, Appellant,**

v.

**CITY OF BROOKHAVEN, a Municipal Corporation, Appellee.**

No. 17388.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1958.

---

Chester L. Sumners, J. O. Day, Brookhaven, Miss., for appellant, Sumners & Hickman, Oxford, Miss., of counsel.

George H. Butler, C. B. Snow, Jackson, Miss., H. W. Hobbs, A. A. Cohn, Brookhaven, Miss., for appellee, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., Cohn, Hobbs & Hobbs, Brookhaven, Miss., of counsel.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

Filed April 30, 1954, the suit was for specific performance of an option to purchase property, which the City had, on February 4, 1941, leased to the plaintiff "for an annual rental of one dollar", and "for educational purposes."

The lease for a term of twenty years from August 16, 1938, provided that the lessee "shall have the right to renew the lease on the same terms for an additional twenty years from its expiration, *provided notice of the desire to renew is given twelve months prior to the expiration of this instrument*". (Emphasis added.)

It further provided that "during the life of the instrument" the lessee should have the right to purchase the property for the sum of $25,000 plus interest at four percent from August 16, 1938. It is upon this clause that plaintiff relies in bringing its suit.

The City answered that the agreement of February 4, 1941, and particularly the option to purchase the property at any time during the life of the instrument, which the plaintiff sought to enforce, is invalid and unenforceable. By counter claim, it sought possession of the property.

The cause was submitted to the court on a stipulation, and the district judge, in a thoughtful and well considered opinion,[1] fully setting out the facts and giving his reasons for so determining, determined and held: (1) that the contract of February 4, 1941, insofar as it purports to grant the right or option to renew the purported lease for an additional twenty years from its original expiration is null and void; (2) that it is also null and void insofar as it purports to grant an option to purchase; and (3) that the City is entitled to the possession of the property.

Because we find ourselves in full agreement with these conclusions and with the

[1.] Whitworth College v. City of Brookhaven, D.C., 161 F.Supp. 775.

reasons given by the district judge in support thereof, we will not undertake to restate here what has been so well stated by him in his opinion, but, simply noting our concurrence therein, we order the judgment Affirmed.