MISSISSIPPI HOME INSURANCE COMPANY *v.* ELIZABETH
BARRON.

[45 South., 875.]

INSURANCE. *Fire policy. Code* 1906, § 2592. *Plans and specifications
of building. Demand for. Over-insurance.*

Under Code 1906, § 2592, requiring fire insurance companies in case
of total loss of a building to pay the full amount of the policy
thereon, and forbidding the issuance knowingly of fire insur-
ance in an amount exceeding the fair value of the property:—

(*a*) It is no defense to a suit on a policy, the loss being total,
that the insured failed to furnish plans and specifications of
the destroyed building after demand in accordance with a stipu-
lation of the policy therefor; and

(*b*) A policy is valid although the property was over-insured.

FROM the circuit court of Rankin county.

HON. JAMES R. BYRD, Judge.

Mrs. Barron, appellee, was plaintiff in the court below; the
insurance company, appellant, was defendant there. From a
judgment in plaintiff's favor the defendant appealed to the
supreme court.

The facts are sufficiently stated in the opinion of the court.

*McWillie & Thompson,* for appellant.

The policy obligated the insured, as a condition precedent to
a right of action thereon, to " furnish, if required, verified
plans and specifications of any building, fixtures, or machin-
ery destroyed or damaged." They were to be furnished with-
out inquiry as to what the insurance company was to do with
them when received.

Presumably they would be used, first, to determine whether
the company would or would not rebuild, and, then, if rebuild-
ing should be determined upon, in the construction of the new
house, but this presumption is by no means a conclusive one.

By reading the pertinent provisions of the policy it will be seen that in every case where a fire occurs whether inflicting a total or a partial loss it provides, first, for what is known in insurance parlance as "immediate notice" and, second, within sixty days after the fire unless the time be extended by the company, for what is known as "particular proofs of loss," and then proceeds, and the insured shall, that is following the particular proofs of loss, but not as part thereof, furnish, if demanded, plans and specifications of the buildings destroyed. Manifestly by the terms of the policy plans and specifications are demandable although the loss was a total one.

The defendant's right to demand plans and specifications is not confined to cases wherein it has notified plaintiff of an intent to rebuild. It is true that by the terms of the policy the option of the company to rebuild depends upon notice of its intention to do so being given to plaintiff within thirty days after the receipt of the proofs required, but a failure to give such notice did not deprive the company of any other right. What the company would do with the plans and specifications, if rendered, or what value they would be to it, after the option to rebuild is gone, are very different questions from whether the plaintiff is under duty to furnish them on demand. We can easily conceive of a case, involving a meritorious question, other than one of rebuilding, in the solution of which plans and specifications of the house burned would be useful.

There is nothing in the statute affecting the company's right to demand plans and specifications of the burned house and nothing to relieve plaintiff from the effect of a failure to comply with the demand. Code 1906, § 2593, simply provides for the furnishing of blanks by the insurance company after being notified of a loss and makes a failure by the company to furnish blanks excuse the insured from making "proper proof of loss" prior to suit. This does not touch the subject of plans and specifications at all, they are not part and parcel of "particular proofs of loss," are to be furnished only upon de-

mand and, presumably, an insurance company does not and cannot know whether it wants them until after it has received "particular proofs of loss."

Of course the preceding section, Code 1906, § 2592, touching the amount recoverable for a total loss, has no application to the case; that section presupposes a right in the insured to recover some amount; the plea in this case goes to the entire declaration and, if good at all, it is good to defeat all recovery.

The statute provides that an insurance company shall not knowingly issue a fire insurance policy for an amount which exceeds the fair value of the property. This is positive law, Code 1892, § 2592. Under the plea the policy sued upon was issued in violation of the statute because of the assurances of the insured. She certainly should not be permitted, under such circumstances, to recover more than the actual value of the house, and the court below ought to have overruled the demurrer to this plea.

*McLaurin & Enochs* and *A. J. McLaurin, Jr.,* for appellee.

Under our valued policy statute the company has no right to rebuild and plans and specifications cannot be required. The statute fixes the amount to be paid, and to permit the company to rebuild would be to say that they could pay in material and labor, which would cost them less than the face of the policy; because if it cost them to rebuild, as much or more than the face of the policy the option to rebuild would be valueless. This has been universally held to be the law in all states where valued policy statutes have been construed. We refer to Ohio, Texas, Tennessee, Nebraska and Wisconsin. For a full and complete discussion of this question we refer the court to the brief of counsel and opinion of the court in the case of *Milwaukee, etc., Ins. Co.,* v. *Russell,* 56 L. R. A., 159, and the cases there cited. We do not know of a single decision contra and counsel for appellant have failed to cite any.

In view of the unbroken line of authorities in the case above

referred to, we will not undertake to reply to the ingenious and fanciful argument of counsel for appellant that the plans and specifications might be useful to the company for the purpose of determining whether or not there was any liability at all. The insured could not in any event be required to furnish plans and specifications until blanks were furnished her as provided by § 2593 of the Mississippi Code of 1906. Plans and specifications were undoubtedly a part of proof of loss contemplated within that section. By that section it is made the duty of the company to " furnish to the insured proper blanks upon which to make the required proof of loss, with full instructions as to ' what proof ' is required to secure the payment of the policy."

Surely if the plans and specifications were required by the company it would be the duty of the company to furnish blanks upon which to make the plans and specifications as a part of the proofs of loss.

Existing laws are necessarily referred to in all contracts made thereunder, and cannot be changed by agreement of the parties. *Assurance Co.* v. *Phelps,* 77 Miss., 625 ; s.c., 27 South., 745.

The statute supervenes all policies and writes out of them all stipulations inconsistent with itself.


MAYES, J., delivered the opinion of the court.

On February 12, 1907, Mrs. Barron insured her dwelling house in the Mississippi Home Insurance Company against loss by fire in the sum of $1,000. About three months after the issuance of the policy the house was destroyed by fire. Demand was made upon the company for the amount of the insurance, which they refused to pay, and on September 26th following suit was instituted to recover the amount of the policy of insurance.

One of the stipulations in the policy was that the insured should furnish to the company, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged. There were numerous pleas filed to the declara-

tion; the main one relied upon being the failure of plaintiff to furnish plans and specifications after demand made in accordance with this stipulation in the policy. Another plea sets up the defense that plaintiff had overvalued her property, stating to the company that the dwelling was worth $1,700, and thereby obtaining an insurance for $1,000, when as a matter of fact the property was only worth $500, and that under § 2592, Code 1906, it was unlawful for the insurance company to overinsure, and therefore this policy was void. These pleas were demurred to, the demurrer sustained, and defendant declined to plead further, whereupon judgment was rendered in favor of appellee for the amount of the insurance policy, together with interest at six per cent from June 3, 1907.

In the case of *Milwaukee Mechanics' Insurance Co.* v. *Russell,* 65 Ohio St., 230; 62 N. E., 338; 56 L. R. A., 159, which is a decision on a statute very similar to this, it was held that the refusal of the insured to furnish plans and specifications in accordance with the stipulations in the contract of insurance that he should do so, constituted no defense to an action for recovery for loss. This was decided under an Ohio statute which provided that " any person, company or association insuring any buildings or structure from loss or damage by fire," etc., ". . . shall cause such building or structure to be examined by an agent of the insurer and a full description thereof to be made and the insurable value thereof to be fixed by such agent," etc., ". . . and in case of total loss, the whole amount mentioned in the policy, or renewal upon which the insurers receive a premium, shall be paid," etc. Ohio Rev. St. 1906, § 3643. In the case cited above the court said : " The stipulation for furnishing plans and specifications can be but for one purpose, and that is to enable the insurer to rebuild. If they should decide to rebuild, the only purpose of this would be to enable the insurance company, in case of total loss, to discharge the liability on the policy by the expenditure of a less sum than would be required to pay the amount of the in-

surance named in the policy. In no other way could the company derive any benefit from the clause. If the expense of rebuilding would exceed, or even equal, the amount of the insurance mentioned, there could be neither advantage nor object on the part of the company to undergo that trouble; and when the expense is less the performance of that condition by rebuilding the destroyed property would be but a mode of satisfying the obligation of the company, by payment of a sum less than that which became payable on the policy, according to the provisions of the statute. If the insurer could be so relieved from the operation of the statute under a condition of this kind because it is made a part of the policy, there could be no reason why he should not also have like relief, on the same ground, under the stipulation inserted in all the policies, which undertakes to limit the liability to the actual value of the property, and be permitted in all cases to prove that value to be less than the amount of the insurance in the policy, and to discharge his indebtedness thereon by the payment of such lesser amount. A possible result of this kind under any condition or agreement in the policy would conflict with the requirements of the statute and defeat its manifest purpose, which evidently was to remove from the field of controversy the amount and mode of payment of total losses."

Section 2592, Code 1906, is as much a part of this policy as if written in the face of it. Any provision in the insurance policy which conflicts with it in any way is a nullity. Under this section, an insurance company is not permitted to deny that the property insured was worth at the time of the issuance of the policy, less than the value stated in the policy, and the measure of the amount recoverable under the policy is the amount for which the property was insured. The responsibility of ascertaining the value and fixing it is placed upon the insurance company, and, when they have done so, the statute forbids them from denying that the amount of insurance named in the policy was not the true value. It is true that the statute

says that " no insurance company shall knowingly issue any fire insurance upon property within this state for an amount which, together with any existing insurance thereon, exceeds the fair value of the property," etc.; but, if the company issue their policy for a greater sum than the fair value of the property, it can be of no avail to them in order to defeat a recovery when sued for the full amount of the insurance named in the policy and for which they have accepted premiums. *Assurance Co.* v. *Phelps,* 77 Miss., 625; 27 South., 745.

Any stipulation in a contract of insurance made in this state which conflicts with the duty that the company is under by virtue of § 2592, Code 1906, to pay the full amount of the policy for which the property has been insured and for which the premiums have been paid, is a nullity.

*Affirmed.*