TOWN OF UNION *et al. v.* ZILLER.*

(Division A. Oct. 1, 1928.)

[118 So. 293. No. 27282.]

468

*Corpus Juris-Cyc References: Building, 9CJ, p. 685, n. 82, 93; Municipal Corporations, 43CJ, p. 330, n. 59; p. 571, n. 17; Statutes, 36Cyc, p. 1114, n. 96. As to what is sufficient compliance with ordinance requiring buildings to be constructed of noncombustible material, see annotation in 2 L. R. A. (N. S.) 283; 19 R. C. L. 831; 3 R. C. L. Supp. 977.

*C. E. Johnson,* for appellants.

*Amis, Dunn & Snow,* for appellee.

470

Cook, J. The appellee filed his original bill in the chancery court of Newton county seeking to enjoin the mayor and board of aldermen of the town of Union from removing or abating certain sign or billboards erected by appellee on vacant lots within the fire district of said town. A temporary injunction was issued, and upon the hearing of a motion to dissolve this injunction a decree was entered permanently restraining the town of Union and its officers from removing, tearing down, or abating said sign or billboards; and from this decree this appeal is prosecuted.

The town of Union adopted an ordinance creating a fire district within the corporate limits of the municipality and defining the boundaries of said district, which provided that there should not be constructed within said fire district any building of sheet iron, wood, or other combustible material; and provided further that any building thereafter constructed in violation of the provisions of said ordinance would be deemed a nuisance and be abated after five days' notice to the owner of the building to remove same, and authorized the marshal of the said town to cause the abatement and removal of such building by force at the cost of the owner in the event it was not removed by him in response to the notice so to do. Acting under the provisions of this ordinance, the town of Union, through its proper officers, served notice upon the appellee that certain sheet iron and wood structures erected by him and used as sign or billboards vio-

lated the provisions of this ordinance, and were therefore nuisances which must be removed from the fire district within five days after receipt of notice, and that unless they were so removed the marshal of the town would cause the same to be removed and abated at the expense of appellee.

The proof shows that the billboards in controversy, which were erected across the front of vacant lots between buildings, were about fifty feet long and eleven feet high, and were constructed by using a piece of four by four timber as a base on which were placed several upright wooden posts with a two by four timber along the top of these posts. Wooden braces, running at an angle from this framework to the ground, were attached to the side of the framework furthest away from the street, and to this framework sheet iron was attached so as to form a smooth surface facing the street. Behind one of these billboards, the owners of one of the adjacent buildings had erected an inclosed shed in which was stored hardware. This shed extends to within a few inches of the billboard, but was not attached thereto. Behind the other billboard, there was erected a wooden shed under which coal was stored. But the testimony is undisputed that the appellee had no connection with, or control over, any of the parties who erected these wooden structures behind the billboard, and there was testimony to support a finding that these structures were removed before the hearing of this cause in the court below; and the evidence is to the effect that the only right acquired by the appellee under his lease of these vacant lots was the right to erect and maintain sign or billboards.

The bill of complaint filed by appellee only sought to restrain the municipal authorities from removing, tearing down, or abating the billboards erected by the appellee, and the decree of the court below restrained them from removing or abating only these billboards, and in no way affected their right to abate any other structures

on these lots which were violative of the provisions of the fire ordinance of the town. This ordinance was enacted in pursuance of the provisions of section 3352, Code 1906 (section 6788, Hemingway's 1927 Code), which authorizes the mayor and board of aldermen of a municipality to "prohibit the erection of buildings made of sheet iron, wood, or other combustible material" within prescribed limits, and to provide for the removal of such buildings at the expense of the owner thereof when erected contrary to the ordinance of the municipality. The validity of the ordinance is not questioned in this proceeding, and the only question presented for decision by this appeal is whether a billboard of the description outlined above is a "building" within the purview of the statute authorizing municipalities to prohibit the erection of a building made of sheet iron and wood.

In construing a statute or ordinance, the words employed will be taken in their ordinary and proper signification, unless "it shall be plainly necessary to enlarge or modify this signification, in order to effectuate the plain intent of the legislature in the enactment of the statute." *Peeler* v. *Peeler*, 68 Miss. 141, 8 So. 393; *State* v. *J. J. Newman Lumber Co.*, 103 Miss. 263, 60 So. 215, 45 L. R. A. (N. S.) 858; *Green* v. *Weller*, 32 Miss. 650. The ordinance here involved is restrictive of the rights of the owners of private property and must be strictly construed; and the words of the ordinance will not be construed by the court so as to enlarge their meaning beyond the usual, ordinary significance thereof. In the usual and ordinary acceptation of a word, a "building" is a structure which is designated and suitable for the habitation or shelter of human beings or animals, or the shelter or storage of property, or for use and occupation for some purpose of trade or manufacture. The billboards in question were merely thin walls having a sheet iron surface over a wooden framework with supports to keep it from falling; and this structure was not

a building within the meaning of that word as used in the statute authorizing municipalities to prohibit the construction of buildings made of sheet iron, wood, or other combustible materials.

The proof is undisputed that the appellee did not build a roof or other structure to connect with these billboards, and that he did not have or exercise any control over any structures on these lots except the billboards erected by him. We are therefore of the opinion that the decree of the court below prohibiting the municipality from removing or abating these billboards is correct.

Our interpretation of the meaning of the word "building" is amply supported by the decisions of courts of other states. In *Truesdell et al.* v. *Gay et al.*, 13 Gray (Mass.) 311, the Massachusetts court said that—

"The word 'building' cannot be held to include every species of erection on land, such as fences, gates or other like structures. Taken in its broadest sense, it can mean only an erection intended for use and occupation as a habitation or from some purpose of trade, manufacture, ornament or use, constituting a fabric or edifice, such as a house, a store, a church, a shed."

In *Nowell* v. *Boston Academy of Notre Dame,* 130 Mass. 209, it was held that a wall was not a building, the court saying that the word "building" in its ordinary sense denotes a structure or edifice inclosing a space within its walls and usually covered with a roof, such as a house, a church, a shop, a barn, or shed. Again, in the case of *Clark* v. *Lee,* 185 Mass. 223, 70 N. E. 47, the Massachusetts court held that a wall does not come within the term "building." In the case of *La Crosse & Milwaukee Railroad Co.* v. *Vanderpool,* 11 Wis. 119, 78 Am. Dec. 691, the court held that the word "building" has a common, well-understood meaning, including only those structures "which have a capacity to contain, and are designed for the habitation of man or animals, or the sheltering of property." In the case of *City of New*

*York* v. *Winebergh Advertising Co.*, 122 App. Div. 748, 107 N. Y. S. 478, it was held that a sky sign in the nature of a billboard, or board on which advertising was displayed, was not a building within any sense of the word.

The judgment of the court below will therefore be affirmed.

*Affirmed.*