BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA
*v.* McKNIGHT, et al.

No. 42632          April 1, 1963          151 So. 2d 409

*Eaton, Cottrell, Galloway & Lang,* Gulfport; *Watkins & Eager,* Jackson, for appellant.

*Floyd & Holleman,* Gulfport, for appellees.

JONES, J.

The insurance company had issued to McKnight a policy on a house situated in Gulfport, Mississippi. The amount was $5,000. The property burned. Suit was filed for the $5,000. At the conclusion of the evidence, the Circuit Court of Harrison County gave a peremptory instruction for McKnight and the mortgagee for the full amount of the policy.

On this appeal two questions are raised: (1) It is claimed that the insured failed to prove the amount of his damages and for this reason a peremptory instruc-

tion should have been given for insurer; and (2) that there was an increased hazard under the control and known to the insured and, therefore, the policy was suspended.

The policy contained the following provisions relative to the suspension of insurance: "Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; or (c) as a result of explosion or riot, unless fire ensue, and in that event for loss by fire only."

(Hn 1) Of course, if the property were totally destroyed, it was not necessary to prove the amount because of Section 5693 of the Miss. Code of 1942.

We think the lower court was correct in its action and affirm the case.

## I.

As to the question relative to the proof of amount of loss, the insured had charged in the declaration that the property was totally destroyed. There was some confusion in the pleadings filed by the insurance company in that in responding to the declaration it admitted that the property was damaged but denied all other allegations of that particular paragraph of the declaration. In a special defense filed it was stated that the property was totally destroyed. Inconsistent pleas are permitted by our statute but in our view of the case it is unnecessary for us to pass upon the effect of this statement in the special plea. 41 Am. Jur., Sec. 200, p. 434.

When the insured rested the company made a motion for a peremptory instruction on the ground, among oth-

ers, that the insured had not proved the extent of his loss. Thereupon counsel for insured, who had also moved for a peremptory instruction, stated they had conceived that the admissions in the answer rendered such proof unnecessary and they moved the court to reopen the case and permit them to introduce same. The court sustained the motion and the insured was introduced. However, he was not a building contractor and his testimony was unsatisfactory as to the extent of the damages. The attorneys for insured thereupon stated they had been unable to locate the contractor who had previously examined the property and estimated the loss, and since it was late in the afternoon they requested the court to recess until the following morning so they might obtain the building contractor and introduce him. Thereupon the following occurred out of the presence of the jury:

"BY THE COURT: I think the Defendant should say, in view of the answer being indefinite, whether or not you actually contend that this was not a total loss.

"BY MR. GOODMAN: No, Sir, we do not, but we feel that having once gone to trial that we have a right to require the Plaintiff to prove his case.

"BY THE COURT: You wouldn't have to say here that it was only damaged to the extent of so much, but I think you should have made it clear that you deny it was a total loss, rather than denying that in general terms. I am going to sustain the Plaintiff's motion for a judgment for the full amount."

(Hn 2) We think the court was justified in accepting the statement of counsel as the equivalent of an admission that there was a total loss, and that the court was correct in sustaining the motion as to the amount of the loss.

## II.

(Hn 3) The contention that the property burned while there was an increased hazard to the knowledge and

under the control of the insured is based upon the fact that the tenant had vacated the property nineteen days prior to the fire; that there were no keys to the door of the house and the windows were not so constructed as to be locked or fastened, and entry to the house was available at all times.

It will be noted, as hereinbefore shown, that the policy contained a clause which permitted the house to remain vacant for as long as sixty days, and that at the time of the fire, it had only been vacant nineteen days. The evidence seems to indicate that the fire was a result of vandalism or deliberate action on the part of someone. However, as stated, the policy permitted the property to remain vacant for as long as sixty days, and it was shown by the evidence, which is undisputed, that within twenty to twenty-five feet of the side door of the residence was a cottage owned by the insured and by him rented to another person. He testified this tenant had agreed that while the main house was vacant, he, the tenant, would look after same, would show it to prospective tenants, and, in other words, would watch the property for him.

It is true that this Court has held a vacancy is an increased hazard, particularly in rural locations, but here the vacancy was permitted by the policy. We do not believe there was evidence of a material increase in the hazard that would require the submission of the case to the jury. Vol. 4, Couch's Cyclopedia of Insurance Law, Sec. 960.

Affirmed.

*McGehee, C. J., and Kyle, Arrington and Ethridge, JJ.,* concur.