**SOUTHERN DISCOUNT CORPORA-TION, Plaintiff,**

v.

**ST. PAUL FIRE & MARINE INSUR-ANCE COMPANY, Defendant.**

**SOUTHERN DISCOUNT CORPORA-TION, Plaintiff,**

v.

**AMERICAN EMPLOYERS' INSUR-ANCE COMPANY, Defendant.**

**Civ. A. Nos. 72H-39(R), 72H-40(R).**

United States District Court,
S. D. Mississippi,
Hattiesburg Division.
Jan. 8, 1974.

Sebe Dale, Jr., Columbia, Miss., for plaintiff.

Dorrance Aultman, Hattiesburg, Miss., for defendants.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

The two above styled cases have been consolidated by order of this Court and submitted on the pleadings, a stipulation of fact, oral argument and on briefs, a trial on the merits having been waived by all parties.

Plaintiff, the owner of real property in Marion County, Mississippi, sustained a fire loss on February 6, 1972, to a one-story, brick building located on said property, an auto accessory and home appliance store occupying a major portion of the building and a dry cleaning establishment occupying a minor part. At the time of the fire there was in full force and effect Policy No. 186 AC 1341 in the sum of $50,000.00 issued by St. Paul Fire & Marine Insurance Company, defendant in Cause No. 72H–39(R) above, covering the one-story, brick, approved roof building occupied by the auto and home appliance store, and insuring plaintiff as owner and Citizens Bank, Columbia, Mississippi, as mortgagee. There was also in effect at the time of the fire Policy No. A–G–11661–39, issued by American Employers' Insurance Company, defendant in Cause No. 72H–40(R), in the sum of $10,000.-00 covering that portion of the building occupied by the dry cleaning shop, and Policy No. A–G–11678–26, issued by the same defendant in the sum of $90,000.00 covering that portion occupied by the auto accessory and home appliance store, both policies insuring plaintiff and First Federal Savings & Loan Association of McComb, McComb, Mississippi, as mortgagee.

Plaintiff filed a separate suit against each of the two insurers in the Circuit Court of Marion County, Mississippi, alleging that the insured premises were totally destroyed by fire at a time when said premises had a market value of $262,000.00; and that, although plaintiff had complied with all policy requirements of notice and proof of loss, each defendant had refused to honor its policy and pay the sums provided for in the policies.

Each defendant separately removed its case to this Court on grounds of diversity of citizenship, and on motion of plaintiff and defendants the actions have been consolidated. The mortgagee and trustee, originally named as defendants in the respective actions, were re-aligned as plaintiffs, Citizens Bank and William C. Callender, trustee, in Cause No. 72H–39(R), and First Federal Savings & Loan Association of McComb and Louis Alford, trustee, in Cause No. 72H–40(R).

Plaintiff has amended its complaint in each cause to charge that the respective defendants have wilfully refused to honor their policies by paying the sums due and have resorted to delay tactics by asserting an option to replace the building with like quality and material. Plaintiff in each case seeks not only the full amounts of the policies, but interest in the amount of 9½% per annum from 90 days subsequent to the fire loss, this being the amount of interest plaintiff has been required to pay its mortgagees, attorney fees of $15,000.00 in each case, and punitive damages, $75,000.00 in Cause No. 72H–39(R), and $150,000.00 in Cause No. 72H–40(R).

Both defendants, represented by the same counsel, have interposed similar defenses. Defendants deny that plaintiff has stated a cause of action, deny that the building was totally destroyed, and aver that each has the option under the respective policies to repair or re-

place said building, the replacement cost being less than the policy amounts.[1] Defendants also deny that plaintiff is entitled to interest, attorney fees or punitive damages.

As stated above, the parties have waived a trial on the issues and have submitted the consolidated actions to the Court on the pleadings, a stipulation, oral argument and briefs. By way of stipulation, plaintiff and defendants agree that the Court has jurisdiction of the parties and of the subject matter. They stipulate that the aforesaid policies were in effect on plaintiff's building at the time of the fire on February 6, 1972, covering a one-story, brick building, with an approved roof, occupied in major part by an auto accessory and home appliance store, and in minor part by a dry cleaning establishment. They stipulate that said property was subject to a deed of trust in favor of First Federal Savings and Loan Association of McComb, McComb, Mississippi, beneficiary, and Louis Alford, trustee, securing a promissory note in the original amount of $225,000.00. Copies of the policies, note and deed of trust are exhibits to the stipulation. The parties stipulate that the fire of February 6, 1972, damaged the insured property as shown by six photographs attached as exhibits to the stipulation. They stipulate that, following the fire, plaintiff gave the required proof of loss as required by the policies. They further stipulate that the insured plaintiff takes the position that it is entitled to the face amount of the policies as provided by the "valued policy" statute, being Section 5693, Mississippi Code of 1942, whereas the defendant insurance companies contend that they are entitled to replace the property as provided in Lines 141 through 147 of the respective policies.

The Court has examined the photographs of the damaged premises and finds that the one story building is totally destroyed. Only a portion of one wall remains. If the premises shared a party wall with an adjoining one story building, such is not apparent from the photographs. No portion of a roof remains. Steel girders are crumpled and mingled with rubble. Whatever foundation is visible is heavily damaged. The photographs reflect nothing left but a pile of rubble aside from the aforesaid part of a wall. What constitutes total destruction is discussed in Home Insurance Company v. Greene, Miss., 229 So. 2d 576, and cases cited therein. In *Home*, the Mississippi Supreme Court said:

"In short, there must be a substantial, usable remnant of the building surviving. The substantial part of the structure in place must be susceptible to reasonable repairs and reconstruction."

The Court finds that the premises involved herein are totally destroyed. No usable remnant remains, and there is no part of the building in place that is susceptible to repairs or reconstruction.

Mississippi cases also hold that where the property is a total loss, Section 5693 applies. See Maryland Casualty Co. v. Legg, Miss., 247 So.2d 812, and Franklin Fire Ins. Co. v. Brewer, 173 Miss. 317, 159 So. 545, 160 So. 387.

Section 5693, originally enacted in 1894 provides as follows:

"Amount of insurance-valuation-three-quarter clause. No insurance company shall knowingly issue any fire insurance policy upon property within this State for an amount which, together with any existing insurance thereon, exceeds a fair value of the property, nor for a longer term than five years. When buildings and structures are insured against loss by fire, and situated within this State, are totally destroyed by fire the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated

---

1. In oral arguments, defendants claim they can replace the building for $148,000.00.

and the measure of damages shall be the amount for which the buildings and structures were insured. No insurance company or agent thereof shall be permitted to attach a three-quarter value clause to insurance of this kind and any fire insurance company or agent thereof who violates this section shall be guilty of a misdemeanor and shall upon conviction be fined not less than two hundred ($200.00) dollars, nor more than one thousand ($1,000.00) dollars for each offense."

As early as 1900, the Mississippi Supreme Court in Western Assur. Co. v. Phelps, 77 Miss. 625, 27 So. 745, held that this statute controls and becomes a part of the insurance contract, and all inconsistent provisions in the policy are rendered nugatory, saying specifically: "Accepting a policy which prescribes a different rule for fixing the amount of the loss to be paid does not constitute a waiver of the statute or exclude its operation."

The statute and its effect are further discussed in Mississippi Home Ins. Co. v. Barron, 91 Miss. 722, 45 So. 875, and Hartford Fire Ins. Co. v. Shlenker, 80 Miss. 667, 32 So. 155. In the latter case, the Court said: "The very life of the statute is that the company shall not receive premiums on one basis, and pay losses on another."

■ Under the authority of these cases, the Court finds that Section 5693 nullifies that clause in both policies identified as "Company's options," lines 141 through 147, which purports to give the insurers the right to rebuild or replace the damaged property. Where the destruction is complete the insurers are obliged, under Section 5693, to pay the amount of insurance they issued.

■■ In addition to the amount of the policies sued for, plaintiff seeks as damages the amount of interest it has been compelled to pay to First Federal Savings & Loan Association, to-wit, 9½ percent per annum from 90 days after plaintiff's fire loss, attorney fees and punitive damages. Neither plaintiff nor defendants have submitted authorities to the Court on these elements of damages. The Court finds no applicable state statute. The policies provide only that the amount of loss for which the insurers may be liable shall be payable 60 days after proof of loss is received and ascertainment of the loss is made. There is, however, authority that interest may be assessed as damages in the absence of statutes or policy provisions providing therefor, where the loss has been liquidated. 44 Am.Jur.2d, "Insurance", #1654, p. 562. In view of the applicability of Section 5693 to this loss, it cannot be said the loss was unliquidated. The Court is inclined, therefore, to allow the legal rate of interest beginning 60 days after the loss. The Court denies damages which include attorney fees or which are punitive.

On the basis of this opinion the Court finds in Case No. 72H–39(R) that plaintiff and its mortgagee are due from the defendant insurer, St. Paul Fire & Marine Insurance Company the sum of $50,000.00, less deductible, together with interest at 6% per annum from 60 days after the loss of February 6, 1972, and in Case No. 72H–40(R), are due the sum of $100,000.00, less deductible, together with interest at 6% per annum from 60 days after the loss. Attorney fees and punitive damages are denied.

An appropriate order or orders may be submitted with costs of court assessed to the defendants.