**FOREMOST INSURANCE COMPANY, Plaintiff,**

v.

**Jimmy LOWERY, Defendant.**

**Civ. A. No. J84–0427(B).**

United States District Court,
S.D. Mississippi, Jackson Division.

Aug. 23, 1985.

---

**5.** See also, *Miles v. Sampson*, 675 F.2d 5 (1st Cir.1982).

Charles G. Copeland, Jackson, Miss., for plaintiff.

Calvin R. King, Durant, Miss., for defendant.

ORDER

BARBOUR, District Judge.

Presently before the Court for disposition is the Motion of Defendant Jimmy Lowery for Partial Summary Judgment against Plaintiff, Foremost Insurance Company. This diversity action arises from the Complaint of Foremost for a declaratory judgment regarding its liability to Defendant under policies of fire insurance issued in July and October, 1983, for twenty-nine mobile homes. The mobile homes insured by Foremost were totally destroyed by fire on October 27, 1983, in Yazoo County. The face amount of the insurance coverage was $381,500.00. Plaintiff submitted a proof of loss with Foremost for the face amount of the insurance. Foremost denied the claim and subsequently filed this declaratory judgment action. In its Complaint, Foremost Insurance alleges that Defendant, or persons acting in concert with him, intentionally burned the mobile homes for the purpose of obtaining the insurance proceeds. Moreover, it further alleges that Defendant intentionally gave Foremost materially false information both at the time the insurance was procured and also at the time he made his presentation of loss. The

policies contain a concealment clause which provides that the policies will not pay for "loss or damage intentionally caused by YOU or if YOU intentionally gave US materially false information with intent to deceive in order to obtain this policy or in YOUR presentation of a claim."

In his Motion for Partial Summary Judgment, Defendant seeks a favorable adjudication on one of Foremost's theories of non-liability, i.e. that Defendant gave materially false information in the procurement of the policies and in presentation of loss, and also requests the Court to rule as a matter of law that Mississippi's "valued policy" statute, *Miss. Code Ann.* § 83–13–5, is applicable and sets the amount of Plaintiff's recovery at the face amount of the policies—$381,500.00. Defendant does not move the Court for summary judgment with respect to the issue of whether Defendant intentionally caused the fire, and indeed could not do so in light of the issues of fact created by deposition testimony presented by Foremost which directly implicates Defendant in the fire.

Having carefully considered the pleadings, the evidentiary record before us, and the briefs of the parties, the Court is of the opinion that Defendant's Motion for Partial Summary Judgment should be granted in part and denied in part.

1. With respect to his contention that the valued policy statute applies and sets the amount of recovery at the face value of the policies, Defendant relies upon the deposition testimony of insurance agency John Posey, who took Defendant's application and placed the insurance with Foremost. In essence, the Posey testimony indicates that at the time of the application, July 1983, Posey questioned Defendant regarding the purchase price of the newly acquired mobile homes and that Defendant avoided these questions, said that he did not know the purchase price or value, and indicated that he was interested only in insuring them for the maximum amount. After checking with Foremost, Posey, as directed by Foremost, made application based on maximum cost-per-square-foot guidelines contained in the rate manual. Defendant paid a quarterly premium at that time, and Foremost issued the policy. Subsequently, when several additional mobile homes were purchased, the same basic scenario between Posey and the Defendant occurred: Posey asked Defendant the purchase price or value of the additional mobile homes and Defendant once again responded that he did not know and wanted to insure them for as much as he could. Once again the amount of coverage was based on the guidelines in the rate manual.

It is undisputed that Defendant had the mobile homes transported to a clearing in a rural area of Yazoo County where they were placed at the time of the fire in late October 1983. Defendant contends that he moved the mobile homes to the clearing for repairs so that they could be utilized as rental units. There is a dispute as to whether the mobile homes had in fact been remodeled by Defendant at the time of the fire. This dispute in fact regarding repairs is not material, however, to the limited issue of whether the valued policy statute sets the amount of recovery at the face value of the policies. As noted above, it is undisputed that the mobile homes were totally destroyed.

■ In determining the applicability of Mississippi's "valued policy" statute, *Miss. Code Ann.* § 83–13–5, a threshold question is whether the destroyed mobile homes were "buildings" or "structures." The statute provides in pertinent part that:

[w]hen buildings and structures are insured against loss by fire and ... are totally destroyed by fire, the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated, and the measure of damages shall be the amount for which the buildings and structures were insured.

No Mississippi case specifically addresses the issue of whether a mobile home is a "building" or "structure" for purposes of the valued policy statute, nor do the defini-

tions provided in such statutes as *Miss. Code Ann.* § 75–49–1, *et seq.* (safety standards for manufactured mobile homes) or *Miss. Code Ann.* § 27–53–1 (ad valorem taxes on mobile homes), appear to supply conclusive guidance. It is clear that personal property, such as the contents of a building, does not come within the statute. *Home Insurance Co. v. Greene*, 229 So.2d 576 (Miss.1969).

■ In the absence of an express inclusion of "mobile homes" in the statute, or a discernible intent on the part of the Mississippi Legislature specifically to exclude mobile homes, we turn to the common meaning of the language used therein. The Mississippi Supreme Court has defined the term "building" for general purposes as follows:

> In the usual and ordinary acceptation of the word, a "building" is a structure which is designed for and suitable for the habitation or shelter of human beings or animals, or the shelter or storage of property, or for use and occupation for some purpose of trade or manufacture.

*Town of Union v. Ziller*, 151 Miss. 467, 118 So. 293, 294 (1928). As a matter of law, we hold that mobile homes generally, and the mobile homes in this case, clearly fall within this broad definition of "buildings." The mobile homes here were "structures" designed for and suitable for at least some, if not all, of the uses listed in the foregoing definition. Moreover, the term "structure" generally relates to a broad variety of constructed or erected objects, including a wooden "framework." *See Town of·Union*, supra; American College Dictionary (1961 ed.). "Buildings" comprise a subset of the category of "structures." Indeed, Mississippi's valued policy statute speaks broadly in terms of "buildings" and "structures." There is no showing in this case that the mobile homes did not constitute *at least* a constructed framework, which would be a "structure" for purposes of the valued policy statute. Accordingly, the provisions of § 83–13–5 have initial applicability to mobile homes as a matter of law.

■ The salutary purposes of Mississippi's valued policy statute are to prohibit the writing by insurance companies of excessive fire insurance coverage on property, to require that losses are calculated on the same basis that premiums are received, and to promote reasonable diligence on the part of insurers who issue fire insurance on property in this state. In general, where property is totally destroyed, the Mississippi Supreme Court has noted that

> [T]he very life of the [valued policy statute] is that the company·shall not receive the premiums on one basis, and pay losses on another.

*Hartford Fire Insurance Co. v. Shlenker*, 80 Miss. 667, 32 So. 155, 157 (1902). The insuror can protect itself by taking steps to ascertain the value of the property, but, having issued a policy for a certain value, it must pay that amount since it "has received premiums on such agreed value." *Id.* Similarly, in *Aetna Ins. Co. v. Heidelberg*, 112 Miss. 46, 72 So. 852, 854 (1916), the Court noted that the insurance company:

> had the right of inspection at the time the insurance was written, and by writing the policy in question, it is concluded, under the terms of our statue, on all questions of valuation and. cannot now be heard to say that the property was ... not worth the amount at which it is insured.

Under the statute, it is the insurer's ultimate responsibility to ascertain and fix the value of the property. *Mississippi Home Ins. Co. v. Barron*, 91 Miss. 722, 45 So. 875 (1908).

Based upon the undisputed testimony of insurance agent Posey, the Defendant openly and consistently evaded or refused to answer questions concerning the purchase price or value of the mobile homes, both at the time of the initial application and later when he sought coverage for additional mobile homes. Defendant would state only that he wanted maximum insurance coverage for the mobile homes. Under these particular circumstances, the agent for the insurance company had at

least two reasonable alternatives: either to require the applicant to come forward with some reliable evidence of the value of the mobile homes before issuing the policy, or to inspect the mobile homes himself or have them independently appraised for value before issuing the policy.

The agent, however, took neither of these steps. After checking with Foremost, (who, according to the agent, said there was "no problem") he simply complied with the Defendant's request for maximum coverage. A commensurate premium was forwarded with the application and the policies were issued. Without question, the circumstances and the consistently noncommittal nature of the Defendant's responses were sufficient to put the agent and the insuror on notice that some further inquiry as to the value was reasonably required. Posey's testimony reveals that no such reasonable diligence was exercised or forthcoming. According to Posey, he did request that Defendant deliver photographs of the mobile homes to him. None were ever delivered. Notwithstanding this failure, subsequently purchased mobile homes were insured in early October 1983 in the same fashion as the initial group.

■ Measured against the plain language and intent of § 83–13–5, the Court is of the opinion that as a matter of law the statute is applicable under these undisputed circumstances and that the value of the destroyed mobile homes, should Foremost Insurance fail on all of its theories of non-liability, would be the face amount of the policies—$381,500.00. Insofar as Defendant's amount of recovery is concerned, the Plaintiff cannot deny the valuation placed upon the mobile homes in the policy as issued.

2. The Court's determination that Defendant's recovery, should he prevail in this declaratory judgment action, is set by the valued policy statute at the face amount of the insurance has certain implications with respect to Foremost Insurance's theories of non-liability regarding fraud in procurement and fraud in proof of loss.

Foremost's claim of fraud and misrepresentation in the initial procurement of the fire insurance appears to rest solely upon the *valuation* of the mobile homes. Such claim is foreclosed by our ruling that the valued policy statute applies under the undisputed factual circumstances. Section 83–13–5 specifically provides that "the company shall not be permitted to deny that the buildings and structures were worth *at the time of the issuance of the policy* the full value upon which the insurance is calculated. . . ." (emphasis supplied). The Court's review of the record reveals no material fact which would support a claim of fraud and material misrepresentation in the procurement of the insurance, *independent of the question of the valuation of the property.*

Accordingly, the Defendant's Motion shall be sustained with respect to Foremost's claim of fraud and material misrepresentation in the initial procurement of the insurance, and this theory of non-liability shall be dismissed.

■ 3. To the extent that Foremost relies upon a "fraudulent" over-valuation of the mobile homes by Defendant with respect to the sworn proof of loss submitted by him subsequent to the fire, the Court is of the opinion that similar principles are controlling. It is undisputed that the mobile homes were totally destroyed. The Court has concluded that the operation of the valued policy statute sets the value of the mobile homes for purposes of recovery at the face amount of the insurance. By virtue of the applicability of the valued policy statute, proof of loss as to the value of totally destroyed property is not essential. *Paramount Fire Ins. Co. v. Anderson,* 211 Miss. 372, 51 So.2d 763 (1951); *Birmingham Fire Ins. Co. v. McKnight,* 246 Miss. 578, 151 So.2d 409 (1963). Assuming that Defendant fraudulently overvalued the property in his proof of loss, Foremost could not have been prejudiced or harmed by this fact under these circumstances. *Home Ins. Co. of New York v. Lowenthal,* 36 So. 1042, 1043 (Miss.1904);

see also Annot., 16 A.L.R.3d 744, 811. Defendant's representations as to the value of the property in the proof of loss is immaterial. *Compare, Claxton v. Fidelity and Guaranty Fire Corp.*, 179 Miss. 556, 175 So. 210 (1937).

■ It appears, however, that Foremost may not rely exclusively on an overvaluation by Defendant in support of its claim of fraud and misrepresentation regarding Defendant's presentation of his claim of loss. In its complaint, for example, Foremost contends that in his presentation of loss Defendant gave materially false information regarding "his knowledge of the origin of the fire ..." While Foremost's contentions in this regard are vague, it is Defendant's initial burden on a motion for summary judgment to "foreclose the possibility" that facts exist which would support a claim. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157–161, 90 S.Ct. 1598, 1608–1610, 26 L.Ed.2d 142 (1970). As the evidentiary record in this regard is somewhat unclear, and the briefs of the parties are directed primarily to the applicability of the valued policy statute, the Court is reluctant to dismiss Foremost's claim of fraud and material misrepresentation in the presentation of loss at this juncture. This aspect of Defendant's Motion will be denied.

In accordance with the foregoing, Defendant's Motion for Partial Summary Judgment is sustained in part and denied in part, and it is hereby Ordered:

1. That Defendant's basic amount of recovery, should he prevail on the issue of liability, is set by Mississippi's valued policy statute, *Miss. Code Ann.* § 83–13–5, at the face amount of the insurance coverage;

2. That Plaintiff's claim of fraud and material misrepresentation by Defendant in the initial procurement of the insurance is dismissed; and

3. That Defendant's Motion is denied insofar as it seeks dismissal of Plaintiff's claim of fraud and material misrepresentation in his presentation of loss.